GEORGE H. KINNEY, DEFENDANT IN ERROR, v. PHILADELPHIA WATCH CASE COMPANY, PLAINTIFF IN ERROR.

Argued June 29, 1908—Decided November 16, 1908.

1. Whether a contract has been performed is a jury question if there is evidence from which it might properly infer that the plaintiff had performed its agreement in substantial compliance with its terms.

2. The qualification of an expert witness rests largely within the discretion of the trial court, and its finding will not be reviewed on writ of error if there be legal evidence before the trial court to justify its finding.

3. The defendant introduced in evidence a letter written by it to the plaintiff, complaining that a chimney erected by plaintiff for defendant was defective, and the plaintiff replied, by letter, that it was willing to repair any defects in the chimney which might be pointed out. To this no reply was made, nor opportunity afforded the plaintiff to make any repairs, but the defendant proceeded to demolish the chimney, although the contract between the parties required the plaintiff to repair, free of charge, during a period of five years, any defects. *Held*, that plaintiff's letter

736     COURT OF ERRORS AND APPEALS.

Kinney v. Phila. Watch Case Co.          76 N. J. L.

in reply was not incompetent, immaterial or irrelevant on the question of the substantial performance of its contract by the plaintiff.

4. The plaintiff offered a letter, written by it, which was admitted in evidence over defendant's objection; at the close of the case plaintiff moved for permission to withdraw the letter, which was granted. *Held*, that the defendant suffered no injury from this proceeding, for if the letter was properly admitted and the defendant desired that it remain in evidence, it had the right to offer it on its own behalf, which it neglected to do.

On error to the Supreme Court.

For the plaintiff in error, *Gaskill & Gaskill*.

For the defendant in error, *Wilson, Carr & Stackhouse*.

The opinion of the court was delivered by

BERGEN, J.   The Weber Steel Concrete Chimney Company contracted to build a factory chimney for the Philadelphia Watch Case Company, the agreed price being $4,500, of which $1,500 was paid during construction, and this suit was brought to recover the residue, payment having been refused because, as defendant claims, the work had not been performed in substantial compliance with the contract.   The plaintiff sues as assignee of the Weber company.   At the close of the plaintiff's case defendant moved for a direction in its favor for $1,500, the amount paid on the contract price, upon the ground that the plaintiff had not shown that the contract had been performed or the chimney constructed in a "first-class and workmanlike manner," and also that the construction had not been approved and accepted by Dr. Drysdale, as defendant insists is required by the contract. This motion was refused, an exception taken, and error assigned thereon.   On the question of performance there was evidence from which a jury might properly infer that the work had been done in a first-class and workmanlike manner, substantially as required by the contract, and therefore a question of fact for the determination of a jury was pre-

sented.  On the other point, viz., that the character of the work was subject to the approval of Dr. Drysdale, it appears that the Weber company submitted a proposal and specifications containing a statement of the materials to be used and the character of the proposed work.  Below the signature of the Weber company to the proposal and specifications there appears the following: "Subject to the approval and acceptance of Dr. W. A. Drysdale," and at the beginning thereof, "approved August 17th, 1906, W. A. Drysdale."  It is admitted that Dr. Drysdale did approve the proposal and specifications, and the record shows that the approval bears the same date as that on which the proposal was submitted.  We are satisfied that the approval required related to the form, and not to the fulfillment of the proposal and specifications.  This view is supported by the fact that the approval as to form was obtained before the proposal was submitted, and also a part payment was made by the defendant without any approval of the work, as it is now contended by the defendant the contract required.  In addition to this the defendant, in a letter addressed to the Weber company, dated December 8th, 1906, said that, as a condition of acceptance, it "would require the chimney to be approved by an expert of our own selection," which would not be necessary if it had already contracted for the approval of Dr. Drysdale.  The motion for direction was not renewed after the entire case was closed, and defendant relies upon the alleged error in refusing to take the case from the jury when the plaintiff rested.  We find no error in the refusal to which the exceptions on this point are directed.

The defendant also assigns error on exceptions relating to the admission of expert testimony.  We have carefully examined the proofs relating to the qualifications of the expert witnesses, and are of opinion that there was sufficient legal evidence to justify the finding of the trial court that the witnesses had the necessary experience to qualify them to give an expert opinion.  The qualification of an expert is to be determined by the trial court as a question of fact, and its

conclusion will not be disturbed on error if there be legal evidence to support the finding that a witness has the necessary experience to qualify him to give opinion evidence. Mr. Justice Dixon, in speaking for this court in *Convery* v. *Conger*, 24 *Vroom* 468-476, regarding the exercise of such a discretion, quoted with approval from *Bacon* v. *Williams*, 13 *Gray* 525, that "this court would be slow to revise a ruling on such a question, unless the error was very plain and palpable."

Two letters were admitted in evidence over objection by the defendant, one dated February 7th, 1907, which, it is admitted, was prior to, and the other, April 26th, 1907, after, the commencement of this suit. Both letters were written by the attorneys of the Weber company to the defendant, but no objection to their admission was rested upon any lack of authority in the attorneys to act for the Weber company in making the offer to repair, as expressed in the letters. The letter of February 7th, 1907, has not been printed as a part of the case prepared by the plaintiff in error, and we have no knowledge of its contents beyond that disclosed by counsel when he offered it in evidence, which was that it contained an offer, on the part of the Weber company, to repair any defects in the chimney which were pointed out, or to be pointed out, and a request that if any existed an opportunity be given to repair the same. The objection to its admission was that it was incompetent, immaterial and irrelevant to the issue, but no objection was made that the contents of the letter was other than as stated, and if the defendant wished to rely upon any other matter, it should have printed the exhibit as a part of the record. The case shows that the defendant had previously written to the Weber company that the construction of the chimney was defective, and if it should conclude to accept it, that it would not do so unless it was furnished with a bond to indemnify it against any loss it might sustain by reason of the chimney not being properly erected, and that it would in any event require the chimney to be approved by an expert of its own selection. In view of the fact that the de-

fendant had offered this letter in evidence, which contained a general complaint of the character of the work, we can see no reason why it was not competent for the plaintiff, in rebuttal, to show that it had notified the defendant that it would repair any defects that might be pointed out. Its contract required it to repair, free of charge, for a period of five years, any defective material or workmanship, and it was manifestly proper that it should have pointed out to it the defects complained of, and be afforded an opportunity to remedy them before the defendant was justified in tearing down and destroying the chimney, as it afterwards did.

In the letter of April 26th, 1907, sent to defendant after suit was commenced, the Weber company, after stating that although its engineer had reported to it that the chimney conformed to the specifications, yet as the defendant contended that the lower ring of the chimney was soft, and in consequence rendered unstable, offered to renew this section, and inquired whether the defendant was willing to permit the chimney company to replace the ring. After counsel had closed their argument to the jury the plaintiff asked permission to withdraw the letter, and to have the jury instructed that they should disregard it. This was permitted, and an exception taken to such ruling. If it be conceded that the admission of the letter was an error, it worked no injury to the defendant, for the same offer to repair was contained in the letter of February 7th, 1907, and in addition to the offer it contained a notice that if the property was destroyed, which defendant threatened, it would be held liable for the loss which the Weber company might sustain thereby. It appeared that defendant had taken down the chimney after suit was brought and before the trial, in disregard of the notice. In offering to withdraw the letter from the consideration of the jury, the plaintiff was endeavoring to cure any error arising from its admission, a proceeding to which the defendant objected, upon the ground that the letter, having been admitted and read to the jury, it was entitled to have it remain as an exhibit in the cause, although it was, as it

claims, irrelevant and immaterial. It is a sufficient answer to this objection to say that if the defendant was injured or prejudiced by the withdrawal of the letter, it was within its discretion to immediately offer it on its own behalf, and if the offer had been refused, an exception to such ruling could have been taken. The defendant did not do this, but chose to stand on the alleged erroneous ruling of the court in permitting the plaintiff to withdraw the letter. We are of opinion that the record discloses no error on this branch of the case.

Error was also assigned on that part of the charge to the jury which instructed them that the defendant was bound to afford the plaintiff a reasonable opportunity to repair any defects, and if such defects could have been remedied within a reasonable time, and without loss to the defendant, it had no right to demolish the chimney without affording such opportunity. We find no error in this, for by the contract the Weber company agreed to repair any defects, and certainly the defendant was bound to afford it an opportunity to do so within a reasonable time after they were discovered.

We have considered the other assignments of error presented for consideration, and do not find in any of them any legal justification for a reversal.

The judgment below is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, BERGEN, VOORHEES, MINTURN, BOGERT, VROOM, DILL, J.J.    12.

*For reversal*—PARKER, VREDENBURGH, GREEN, GRAY, J.J.    4.