THE TOWNSHIP OF FRANKLIN, &c., APPELLANT, v. WIL-
SON T. JONES, RESPONDENT.

Argued November 20, 1913—Decided June 15, 1914.

1. In an action for money had and received, the plaintiff must show
   that the defendant holds money, which, in equity and good con-
   science, belongs to the plaintiff.
2. An action brought by a township committee against its former
   clerk, to recover moneys paid to him for services and salary, is in
   substance an action for money had and received; and a complaint
   in such an action which fails to aver, in effect, that the defend-
   ant holds money that in equity and good conscience he ought to
   pay over to the plaintiff, is fatally defective.

On appeal from the Circuit Court.

For the appellant, *Harvey F. Carr.*

For the respondent, *David O. Watkins.*

The opinion of the court was delivered by

GARRISON, J. This appeal brings up a judgment of the
Circuit Court striking out a complaint. The plaintiff is a
township and its complaint is that the defendant from 1893
to 1911 was its clerk and continuously performed the duties
of that office, for which prior to 1903 he was paid upon state-
ments currently rendered by him to the plaintiff, and that
since 1903 such services were performed under a salary of
$200 which was annually paid to the defendant.

The action is brought to get back the money thus paid to
the defendant during a period of eighteen years, and aggre-
gating $3,050.27.

There is no allegation that the services were not duly per-
formed, or that any bill presented by the defendant was for
an improper amount, or that he has received any money that
was not justly owing to him.

The basis on which recovery is sought, as appears by the complaint but more plainly by the argument of counsel, is that the bills paid by the plaintiff from 1893 to 1903 were not itemized and verified by oath, and that the salary paid from 1903 to 1911 was fixed by resolution of the township committee instead of by ordinance.

If this be so, it may be conceded that the plaintiff failed to perform its functions in the manner prescribed by statute. The plaintiff, however, cannot lay hold of its own irregularities for the purpose of recovering moneys from the defendant unless, by reason of such irregularities, moneys were paid to the defendant that ought not to have been paid to him, so that loss has resulted to the plaintiff. It is only under such circumstances that the action for money had and received will lie, and that, in legal effect, is what the plaintiff's action is. The essential nature of this implied *assumpsit* is thus stated in 27 *Cyc.* 849, under the title, "Money Received:" "An action for money had and received is an equitable action governed by equitable principles (and) may in general be maintained whenever one has money in his hands belonging to another which in equity and good conscience he ought to pay over to that other."

"The question, in an action for money had and received," the same authority continues, "is to which party does the money in equity, justice and law belong. All that the plaintiff need show is that defendant holds money which in equity and good conscience belongs to him; but if he fails to show such superior right he cannot recover."

It is precisely because the complaint in the present case failed to aver facts showing such superior right that it was struck out, and properly so. The question was presented by a practice motion that raised only the sufficiency of a complaint—a question of pleading.

Such a motion is not adapted to the review of municipal action with the object of setting it aside if found to be illegal and the plaintiff is not in court in the necessary capacity for such a review of its action. As the actor in the cause the plaintiff cannot in response to such a motion draw

under review collaterally the legality of its own conduct for the purpose of supporting its complaint unless it has averred therein a resulting loss recoverable by it in such action. Such averment, as has been pointed out, must be to the effect that the defendant holds money that in equity and good conscience belongs to the plaintiff, and this essential averment the complaint in the present case conspicuously fails to make.

The question is purely as to the sufficiency of a pleading and hence is unaffected by the rules of substantive law applicable to the review of municipal action or to cases in which such action is relied upon to maintain a right or to support an executory claim.

The judgment under review is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, PARKER, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, WHITE, HEPPENHEIMER, JJ. 11.

*For reversal*—None.