EDGAR T. WHEATON, RESPONDENT, v. JOHN COLLINS,
APPELLANT.

Submitted July 6, 1916—Decided March 5, 1917.

When a party enters into possession of premises which he has con-
tracted to purchase, which contract he afterwards successfully
repudiates on the ground that the title is unmarketable, and con-
tinues to occupy the premises after tender and refusal of the
deed, he is liable to the owner for the fair rental value of the
premises during the period of occupation.

On appeal from the Union Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCH-
ARD and BLACK.

For the appellant, *John W. Bishop, Jr.,* and *Kinsley
Twining.*

For the respondent, *McCarter & English.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiff in this case
brought suit to recover reasonable compensation for the use
and occupation by the defendant of certain property belong-
ing to the plaintiff in the town of Cranford. The trial re-
sulted in a verdict in his favor, and from the judgment
entered thereon the defendant appeals.

The situation disclosed by the proofs in the case was as
follows: Wheaton was the owner of two houses and lots in
Cranford, and entered into a contract with the defendant,
Collins, for the sale thereof to him, the deed to be delivered
on the 1st of April, 1911. The contract was entered into
in September, 1910, and shortly thereafter—at least some
time prior to the first of the following April—the defendant
entered into possession of the premises. When April 1st
arrived, plaintiff tendered a deed for the property to the

defendant, whereupon the latter refused to accept the delivery, upon the ground that the title was not marketable. He, however, continued in possession of the property. The plaintiff then filed a bill in equity against him to enforce the performance of the contract, but, as the proofs in the equity case disclosed that the plaintiff could not give a marketable title, the bill was dismissed. During all of this time the defendant remained in possession of the plaintiff's property. The present suit was then brought to recover from him the fair rental value of the premises during the period of occupation.

The first contention made before us is that the plaintiff was not entitled to recover under the pleadings in the present suit for the use and occupation of his property, unless the relation of landlord and tenant existed between the parties, and that no such relationship was disclosed. We do not find it necessary to determine the soundness of the proposition thus advanced. The real merits of the case were tried out, and the plaintiff was manifestly entitled to compensation for the deprivation of the use of his property. It was to meet just such a case as this that the legislature passed section 27 of the new Practice act of 1912, which provides that "no judgment shall be reversed * * * for error as to matter of pleading or procedure, unless after examination of the whole case it shall appear that the error injuriously affected the substantial rights of a party." *Pamph. L.* 1912, *p.* 377.

Next it is argued that the plaintiff was not entitled to recover compensation for the occupation of the premises by the defendant up to the time of the making of the decree by the Court of Chancery in the specific performance suit, because during that period the defendant was in possession as an equitable vendee under the contract of sale. It may be that if the equity suit had resulted in a decree for specific performance, the defendant's occupation up to that time might be considered as not being tortious, the extent of his obligation to the plaintiff being to pay the purchase price with interest from the date when the deed was agreed to be

delivered. But whether this be the legal situation, or not, under the circumstances suggested, we have no doubt that it does not lie in the mouth of the defendant to assert in one breath that he is in possession under a valid contract of sale, and therefore not liable to make compensation for his occupation of the premises, and in the next breath assert successfully that he is under no obligation to perform the contract, and is entitled to and does repudiate it.

The judgment under review will be affirmed.