AUGUST ZIEGENER AND HARRY LANE, PARTNERS AS ZIEGNER & LANE, APPELLANTS, v. EMIL DAECHE, RESPONDENT.

Submitted December 10, 1917—Decided March 4, 1918.

Where a defendant admits in his plea or answer the making of the promise or agreement sued on, which is within the statute of frauds, he must plead the statute if he wishes the benefit of it, except where the plaintiff's complaint or declaration of his cause of action discloses a case within the statute. He must either deny the contract, or, admitting it, plead the statute if he wishes to avoid the contract for that reason.

On appeal from the Hudson County Circuit Court.

For the appellants, *Queen & Stout.*

For the respondent, *Harry Lane.*

The opinion of the court was delivered by

BERGEN, J.   This action was instituted against Emil Daeche and Paul Daeche by the plaintiffs, August Ziegener and Harry Lane, engaged as partners in the practice of law, to recover for professional services and disbursements, and in their complaint averred that they had been retained by the defendants to render certain professional services which were performed; that the reasonable value of the service was $2,500, and that the disbursements made for defendant's use was $155.45, making a total of $2,655.45, on account of which $750 had been paid.

Both defendants answered, admitting that one of the plaintiffs, Ziegener, rendered services to them at their request; made disbursements in connection therewith, and that the payment of $750 had been made, but did not set up the statute of frauds as a defence. They also denied generally, in their third defence, the whole complaint. At the trial of the issues raised by the pleadings, a voluntary nonsuit was sub-

mitted to as to the defendant Paul Daeche, and, upon the verdict of the jury, a judgment was entered against the other defendant, who has appealed therefrom.

The appellant, assuming in his brief that Paul Daeche was the principal debtor, argued that "the engagement of Emil Daeche, if any, made at the same time and upon the same consideration, was a promise to pay the debt of Paul Daeche, which should have been in writing." Although this question was submitted to the jury and found against the defendant, we think it well to deal with the argument advanced. In the first two defences the defendant admitted the performance of the services at his request, by one of the partners, from which a promise to pay for their reasonable worth may be implied, and if he desired to avoid payment because it was a promise to pay the debt of another, not in writing, contrary to the provisions of the statute, he should have claimed its benefit by setting it up in his answer. A plaintiff is not required to negative the application of the statute in his complaint and aver that the promise was in writing, because what the law intends may be omitted (*Wilkinson-Gaddis Co.* v. *Van Riper,* 63 *N. J. L.* 394; 43 *Atl. Rep.* 675), but where a defendant admits in his plea or answer the making of the promise or agreement sued on, which is within the statute of frauds, he must plead the statute if he wishes the benefit of it, except where the plaintiff's complaint or declaration of his cause of action discloses a case within the statute.

This is the rule both at law and in equity. *Van Duyne* v. *Vreeland,* 12 *N. J. Eq.* 142; *Porter* v. *Wormser,* 94 *N. Y.* 431; *Wells* v. *Monihan,* 129 *Id.* 161; 29 *N. E. Rep.* 232. Notwithstanding this well-settled rule in this and other jurisdictions, the appellant urges that this rule has been overthrown by what was said in the opinion written for this court in *Owen* v. *Riddle, Executors,* 81 *N. J. L.* 546. In that case the court said: "The statute of frauds is a rule of substantive law, not of pleading, hence, when the plea of non-*assumpsit* requires the plaintiff to prove a contract enforceable at law, the defendant has the benefit of the statute without having specially pleaded it." But what was there said

must be read in connection with the question under review, where the making of the contract was denied by a plea of non-*assumpsit,* and it was not intended to adopt as a rule of law, that where the contract was admitted to have been made, the defendant was not required to specially plead the statute as a defence.

This is to be inferred from the cases cited in support of the opinion in that case, viz., *Walker* v. *Hills' Executors,* 21 *N. J. Eq.* 191, 202: "The settled doctrine of the courts is, that if the answer admits the contract, without stating that it was not in writing, and setting up the statute of frauds, the statute cannot be used as a defence. The admission will be held to be that of a legal contract—that is, a written one, and no proof need be offered of it. But if the pleading or answer denies the existence of *any* agreement, the plaintiff will be obliged to prove one; and he must prove a legal agreement, which, in cases within the statute of frauds, is a written one." *Affirmed* in 22 *Id.* 513. Also *Wakeman* v. *Dodd,* 27 *Id.* 564. "But where the answer admits an agreement, though only a parole one, the defendant must plead the statute in order to obtain its protection."

The opinion in Owen *v.* Riddle, Executor, does not disturb the rule that when a contract is admitted in the pleadings, the fact that it is within the statute of frauds cannot be used as a defence unless it has been specially pleaded. But where the answer admits the contract, the defendant may have the benefit of the statute if he sets it up in his answer, notwithstanding his admission of the making of the contract. *Van Duyne* v. *Vreeland, supra.*

The next point urged by appellant is that it was error to refuse a nonsuit or direction for defendant, because plaintiff, not being admitted to practice law in the Supreme Court of the United States, could not recover for services in that court. The difficulty with this point is, that should it be granted as true in fact and sound in law, it only applies to a part of the claim, and clearly the court could not nonsuit or direct for the defendant as to the entire claim of the plaintiffs when the

objection applies only to a part of it. The refusal of these motions was not error.

The appellant further argues that it was error to permit two witnesses to testify concerning the amount that would be a reasonable compensation for the services rendered by the plaintiffs. These witnesses were members of the bar of this state, and the objection is that they were not qualified to give opinion testimony relating to the value of such services. There is some doubt whether this question is raised by proper exception. The witnesses were examined as to their qualifications, and in one case all that appears is an objection to a question, but no exception was taken to the ruling of the court, but, assuming that the objection amounted to an exception to the finding of the court relating to the qualification of the witnesses, the determination of that question rests largely within the discretion of the trial court. *Kinney* v. *Philadelphia Watch Case Co.,* 76 *N. J. L.* 735; 71 *Atl. Rep.* 269. The testimony shows that the witnesses were members of the bar of this state in active practice, and, presumably, qualified to express an opinion as to the value of legal professional services, and we cannot say from the testimony that the trial court abused any legal discretion in holding they were qualified. Whether an opinion witness is qualified to testify is a question of fact to be decided by the trial court, and his finding will not be disregarded if there be legal evidence to support it.

The last point is that there should have been a nonsuit or direction, because there was no proof from which the jury could determine the value of the services rendered solely by the plaintiffs, the claim of the defendant being that they had the assistance of other counsel. That plaintiff did perform some service, and incur disbursements for the defendant is supported by the proofs, and therefore the court could not nonsuit or direct for the defendant. The proper way to raise this question as to any part of the claim was by a request to charge, and this was not done.

The judgment will be affirmed, with costs.

*For affirmance*—The Chancellor, Garrison, Swayze, Trenchard, Parker, Bergen, Minturn, Kalisch, Black, White, Heppenheimer, Williams, Taylor, Gardner, JJ. 14.

*For reversal*—None.