FREDERIC D. WARD, PLAINTIFF, v. FLOYD C. HUFF, DEFENDANT.

Submitted December 4, 1919—Decided March 22, 1920.

In an action for trover and conversion, damages are limited to the value of the chattel converted, and interest thereon from the date of conversion.

---

On rule to show cause, Bergen Circuit.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the plaintiff, *Patrick Henry Maley.*

For the defendant, *Edward R. McGlynn.*

The opinion of the court was delivered by

MINTURN, J. The suit was in trover and conversion, to recover damages for the value of an automobile truck against which defendant held a bill for repairs amounting to $631 and upon which $100 had been paid. To pay the balance the defendant by written agreement on December 3d, 1917, with plaintiff, retained the truck for the purpose of working out the amount conceded to be due. Subsequent to this agreement, plaintiff alleges an oral agreement by which defendant was to return the truck in the spring of 1918 or to deliver another truck which plaintiff was to use in his express business. Defendant denied making the second agreement and the case was submitted to the jury on that issue. The jury found for plaintiff. To recover it was essential that plaintiff prove a demand for the return of the truck, since it came into defendant's possession legally. 1 *Chit. Pl.* 157, and cases; *Corona Kid Co.* v. *Lichtman,* 84 *N. J. L.* 363.

We are unable to find in the case any substantial evidence of a demand and refusal, which would turn the otherwise lawful possession of the defendant into an act of tort-feasance. 1 *Chit. Pl.* 159.

Nor was there any substantial proof as to the value of the car at the time of the conversion. The only testimony on this subject for the plaintiff was that of one Herring, who had not seen the car for at least a year prior to the trial; and opposed to that was the testimony of witnesses who examined the car and fixed its value at $300. The charge of the court was sufficiently specific upon this point, but the jury evidently ignored it and found a verdict for $2,600 which apparently was based upon Herring's valuation, plus interest and plaintiff's claim of loss of earnings, which he fixed at $1,000.

The Garage Keeper's Lien act (*Pamph. L.* 1915, *ch.* 312) was invoked, but it cannot affect the question at issue, since the defendant was not holding the car under the lien claim given by that act, but under the special written or oral agreement which while it did not invalidate his claim for repairs, in effect was a waiver of his claim to hold the car under the lien, and effectually worked a novation of his claim. 2 *Kent Com.* 638, and cases; *Winter* v. *Coit, 3 Seld.* (*N. Y.*) 288; *Dows* v. *Morewood,* 10 *Barb.* (*N. Y.*) 183; 17 *R. C. L.* 607, and cases cited.

We find no warrant for the rule of damages applied in the case which concedes to the plaintiff not only the value of the truck and interest thereon, but damages occasioned as alleged to the plaintiff's business by reason of the detention. Such a rule may be applied in the common law action of trespass *de bonis asportatis,* where the damages are such as flow naturally and proximately from the wrong complained of, as well as those specially alleged. 1 *Chit. Pl.* 396; 38 *Cyc.* 1137, and cases.

Such was the rule declared by the Court of Errors and Appeals in *Luse* v. *Jones,* 39 *N. J. L.* 707. But we find no authority for the contention at common law or in this state that in an action for trover and conversion the claim for damages may assume such latitude. *Per contra,* the rule is settled and peculiar to this form of action that damages are limited to the value of the chattel converted, and interest thereon from the date of conversion. 2 *Tidd Pr.* 922; 1 *Chit. Pl.* 146; 3 *Black. Com.* 152; 2 *Kent Com.* 387; *Corona Kid Co.* v. *Lichtman, ubi supra;* 38 *Cyc.* 2092, and cases.

In this calculation the value of the use of the property is neither a proper measure nor a proper item of damages. 38 *Cyc.* 2090, and cases.

In this case the sum of $1,000 included in the verdict, and claimed in the pleadings as representative of a probable loss of earnings in the plaintiff's business by reason of the detention, was manifestly based upon a misconception of the nature of the action, and while in an action for trespass it

presents an item for consideration, it has no place in the computation of damages in the case at bar.

The difficulty apparently inheres in the pleadings which after setting out the agreement in detail, alleges a conversion and general and special damages. It is enough to state in that respect that while the new rules have abolished the distinctive common law forms, the essential and differentiating rules applicable to pleading as established at common law still survive as a basis of remedial law.

The rule to show cause must therefore be made absolute.