AMOS TAYLOR, APPELLANT, v. JEROME BREWER, RESPONDENT.

Argued February 18, 1920—Decided June 11, 1920.

1. In an action of trespass *de bonis asportatis*, incidental damages representing personal loss, inconvenience and outlay are proper subjects for consideration by a jury.

2. In an action of trover and conversion the damages are limited to the value of the converted chattel and interest thereon from the date of the conversion.

On appeal from the Burlington County Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the appellant, *Palmer & Powell.*

For the respondent, *James M. Davis.*

The opinion of the court was delivered by

MINTURN, J. The plaintiff's Ford car was stolen by defendant at Mount Holly, on August 29th, 1918, and sold at Stroudsburg, Pennsylvania. The plaintiff recovered it about September 23d, 1918, and brought this suit in trover and conversion for damages. There was no dispute regarding the facts, but the issue presented to the trial court was the *quantum* of damages recoverable. The car was second hand when plaintiff purchased it, and it cost him $300. The jury returned a verdict in his favor for $413.35. They doubtless arrived at that result by the application of the legal rule of damages laid down by the learned trial court, which was, in effect, that he was entitled to recover the depreciated value of the car, plus its alleged depreciation, and the money expended by him in his effort to recover it, as well as the reasonable value of the use of the car, during the period of its

absence. The unique result is, that the plaintiff has the car, plus a verdict for its value, and incidental losses to himself. This anomalous situation was manifestly produced by a misconception of the fundamental nature of the action of trover and conversion. Since the submission of this case, we have determined the case of *Ward* v. *Hoff, ante p.* 81, involving substantially similar features as to damages, as we find presented in the case at bar. We there elucidated the distinction between the damages recoverable at common law in an action of trover and conversion and in an action of trespass *de bonis asportatis*.

In the latter case it was conceded that the incidental damages representing personal loss, inconvenience and outlay were proper subjects for consideration by a jury, in reaching a verdict, but in the former character of action, the damages are limited to the value of the converted chattel and interest thereon from the date of conversion.

The case at bar presents the additional feature of the recovery and possession of the car by the plaintiff.

This situation requires under the rule thus laid down a mitigation of the damages, based upon an estimate of the value of the car, at the time of the conversion, compared with the value of the car at the time of its recovery. The difference in value, plus interest from the date of the conversion, will represent in this form of action the damages recoverable. *Bigelow Co.* v. *Heintze,* 53 *N. J. L.* 69; 38 *Cyc.* 2102, and cases cited; 26 *R. C. L.* 71, and cases cited; *Colby* v. *Reed,* 99 *U. S.* 560.

Cases in other jurisdictions dealing with the subject from the standpoint of a general recovery of damages peculiar concededly to an action in trespass *de bonis asportatis,* are presumably based upon the existence of a statute, or a practice, which in its conception overlooks the fundamental distinction between the two classes of actions, a distinction in fundamentals which has not been abolished by the new Practice act. *Ward* v. *Hoff, supra.*

The judgment will therefore be reversed.