WM. H. JAMOUNEAU COMPANY, APPELLANT, v. AMELIA
WETHERILL, RESPONDENT.

Submitted July 7, 1922—Decided November 8, 1922.

1. The classification of actions at common law and their substantial
   distinctions as a basis of remedial law still continues, notwith-
   standing the formal changes in procedure, prescribed by the new
   Practice act.
2. A judgment for the defendant in an action to recover the pur-
   chase price of a machine, on a finding that there had been no
   sale, is not *res adjudicata* in a suit in tort to recover damages
   for the unlawful conversion of the machine.

On appeal from the First District Court of Newark.

Before Justices PARKER, BERGEN and MINTURN.

For the appellant, *William E. Hampson.*

For the respondent, *Philip J. Schotland.*

The opinion of the court was delivered by

MINTURN, J.   The plaintiff brought suit on a contract
against defendant to recover the price of a machine alleged
to have been sold to her.   The trial court found that there
had been no sale, and gave judgment for defendant.   The
plaintiff then brought this suit in tort to recover damages
for the unlawful conversion of the machine.   Without the
introduction of any testimony the court again gave judg-
ment for the defendant upon the theory of *res adjudicata*.
In this we think the court erred.   The first suit was on con-
tract, involving only the question whether the defendant
was liable upon her contract for the money claimed to be
due thereunder.   This suit is in tort, or trespass at common
law, involving the question whether or not the defendant is
guilty of a violation of the property rights of the plaintiff.
Manifestly, these issues are entirely of a different legal char-

acter, involving, perhaps, different testimony, and resulting in a different verdict, and in different consequences upon execution in satisfaction of the judgment. In other words, the classification of actions at common law, and their substantial distinctions as a basis of remedial law, still continues, notwithstanding the formal changes in procedure prescribed by the New Practice act. *Ward* v. *Huff,* 94 *N. J. L.* 81; *Taylor* v. *Brewer, Id.* 392.

In conformity with this procedural distinction, it is settled that it is only where the cause of action is the same that the judgment in the first suit will operate as a bar. 21 *R. C. L.* 551, and cases cited.

Here the cause of action is in tort, involving a trespass, and a judgment in a cause of action on contract obviously can present no legal bar to it. Since the determination in the *Dutchess of Kingston's Case,* 4 *C. B.* 898 (56 *E. C. L. R.*), the rule has stood, that to operate as an estoppel the first judgment must be directly upon the point in issue, and not collaterally incidental to the issue.

We deem the principle and test of differentiation laid down by this court in *Hoffmeier & Son* v. *Trosts,* 83 *N. J. L.* 358, as practically dispositive of the question raised here.

The judgment will be reversed.