## FIRST NAT. BANK OF TIPTON v. CARROLL.

No. 13760—Opinion Filed Sept. 23, 1924.

### Conversion—Measure of Damages—Verdict Not Supported by Evidence.

Under section 5999, Comp. Stat. 1921, where reasonable diligence in prosecuting the action is not shown, the measure of damages for conversion of personal property is deemed to be its value at the time of the conversion, with interest, and where there is no evidence in the record as to the value of the property at the time of its conversion, a verdict for plaintiff assessing substantial damages is without support in the evidence, and a judgment based thereon will not be permitted to stand. . . .

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from County Court, Tillman County; W. H. Hussey, Judge.

Action by J. M. Carroll against First National Bank of Tipton, a corporation. Judgment for plaintiff, and defendant brings error. Reversed.

This action was originally commenced in a justice court where plaintiff, J. M. Carroll, recovered judgment. On trial anew in the county court on appeal judgment was again recovered by plaintiff, to reverse which this proceeding in error was commenced.

During the year 1920 W. D. Rollins cultivated land belonging to J. M. Carroll. At cotton picking time Rollins borrowed money from the First National Bank of Tipton to ·s i e · and during October and November turned over to the bank tickets representing six bales of cotton to secure these loans. The cotton was left in the cotton yard, presumably to await an advance in the cotton market. These tickets were attached to the note of Rollins in the bank. In addition to the rent of one-fourth due the plaintiff on the bale of cotton in controversy, Rollins owed plaintiff some other amount, not shown by the testimony. About December 16, 1920, there was a fire in the cotton yard and one of these six bales was damaged. On the same day, but after the fire, plaintiff claims and testified that Rollins turned the damaged bale over to him for what he owed him. Rollins also so testified. Plaintiff received no ticket, as Rollins claimed he had lost it. The bank sold five bales of this cotton January 24, 1921, and the damaged bale on March 8, thereafter. Plaintiff never visited the cotton yard to look after his bale of cotton from the day of the fire, December 16, 1920, until some time in September, 1921. Thereafter he commenced this action against the bank for conversion.

The parties will be hereafter referred to as plaintiff and defendant respectively as they appeared in the trial court.

P. Mounts and Herman S. Davis, for plaintiff in error.

Wilson & Roe, for defendant in error.

Opinion by LOGSDON, C. Defendant's first assignment of error is that the court erred in overruling the motion for new trial. The tenth ground of the motion for new trial reads:

"The verdict of the jury is not sustained by sufficient evidence, and is contrary to law."

Under the view taken of the case here this assignment of error must be sustained. It is conceded that if there was a conversion it occurred March 8, 1921. This action was commenced November 26, 1921. The only proof offered as to the value of the cotton was proof of its market value during the latter part of September, 1921. Section 5999, Comp. Stat. 1921, so far as material to be considered here, provides:

"The detriment caused by the wrongful conversion of personal property is presumed to be: First, the value of the property at the time of the conversion with the interest from that time; or, second, where the

action has been prosecuted with reasonable diligence, the highest market value of the property at any time between the conversion and the verdict, without interest, at the option of the injured party."

In this case plaintiff was informed by Rollins on December 16 that the ticket for this bale of cotton was lost. Assuming this testimony to be true, he further testified that he knew the holder of the ticket would be entitled to take the bale from the cotton yard. Yet he never visited the yard, never informed the yard man it was his cotton, nor made any inquiry about the bale he claimed to own, against which he knew there was a ticket outstanding, until the following September. Then, learning of its sale by defendant and delivery of the ticket to the purchaser, he waited until November 26 to begin his action. These facts do not constitute reasonable diligence within the meaning of the second subdivision of section 5999, supra, so as to entitle him to damages thereunder. The question of what constitutes reasonable diligence under this section is one of law for the court. Funk v. Hendricks, 24 Okla. 837, 105 Pac. 352. Therefore plaintiff must recover, if at all, under the first subdivision of the above section...

The jury returned a verdict in plaintiff's favor of $84 There is not a syllable of testimony in the record that the cotton was worth $84, or even 84 cents, in March, 1921. It is in evidence that the defendant sold the bale for $10, and that it was damaged. With the record in this condition the verdict of the jury is wholly without support in the evidence, and is therefore contrary to law.

Other errors complained of will not likely arise on another trial. The judgment of the trial court should be reversed with directions to grant the defendant a new trial in this action.

By the Court: It is so ordered.