BERGEN COUNTY CIRCUIT COURT.

HARTFORD ACCIDENT AND INDEMNITY COMPANY, PLAINTIFF, v. JOHN BENEVENTO, DEFENDANT.

Decided December 11, 1944.

For the plaintiff, *George F. Losche.*

For the defendant, *Carmine J. Parisi* and *Chandless, Weller & Kramer.*

LEYDEN, C. C. J.   Defendant's motion, the equivalent of a special demurrer, is to strike the complaint upon the ground —variously stated—of its insufficiency in law.   The complaint is brief and is as follows:

## "FIRST COUNT

"Plaintiff, a Connecticut corporation authorized to do business in the State of New Jersey says:

"1. On November 17th, 1943, one George Mabie was employed by The Hackensack Trust Company, a banking corporation, as a Paying Teller.

"2. As such Paying Teller the said George Mabie had the custody of certain monies belonging to The Hackensack Trust Company.

"3. Between November 17th, 1943, and May 23d, 1944, the said George Mabie took funds of The Hackensack Trust Company entrusted to his custody in the amount of $25,813 and delivered the said monies to the defendant, John Benevento as wagers or bets on the outcome of certain events of chance to wit, the result of certain horse races.

"4. On July 18th, 1944, said The Hackensack Trust Company, assigned its right of action against the said John Benevento to the plaintiff herein.

## SECOND COUNT

"1. On November 17th, 1943, one George Mabie was a Paying Teller of The Hackensack Trust Company, and as such

Paying Teller had placed in his custody certain monies belonging to The Hackensack Trust Company.

"2. Between November 17th, 1943, and May 23d, 1944, the said George Mabie feloniously took and carried away certain of the said monies amounting to the sum of $25,813 and delivered the said monies to the defendant, John Benevento, who received the said funds knowing the same had been stolen.

"3. On July 18th, 1944, The Hackensack Trust Company assigned its right of action against the said John Benevento to the plaintiff herein by a written assignment.

"Plaintiff prays judgment against the said defendant on the first count in the sum of $25,813, and on the second count in the sum of $25,813."

In support of the motion the defendant contends that neither count of the complaint alleges (a) an obligation or duty owing by the defendant to the plaintiff, nor (b) the failure of defendant to perform any obligation or duty so owing, and further, since the complaint at best sounds in tort for a common law conversion, the alleged chose in action is not assignable, *R. S.* 2:41–1; *N. J. S. A.* 2:41–1, and the plaintiff must fail for lack of authority to sue in its own name.

In opposition, the plaintiff contends that the missing allegations would be but conclusions which the law will presume from the facts stated, and, therefore, what the law intends may be omitted in the averments of the pleading, and insists that the complaint as pleaded, sets forth a good cause of action *in assumpsit.*

All pleadings must contain a plain and concise statement of the issuable facts on which the pleader relies, but not the evidence by which they are to be proved, *S. C. R.* 31; *N. J. S. A. tit.* 2. Acts may be stated according to their legal effect, *S. C. R.* 35. The complaint must contain a statement of the facts constituting the cause of action and a demand for relief, *S. C. R.* 51. Our Practice Act, providing for but one form of civil action in courts of common law (except in proceedings on prerogative writs) and the rules promulgated thereunder, have not abolished the classifications of actions

at common law and the essential and differentiating rules applicable to pleading established at the common law as a basis of remedial law, *Ward* v. *Huff*, 94 *N. J L.* 81; 109 *Atl. Rep.* 287; *Taylor* v. *Brewer*, 94 *N. J. L.* 392; 110 *Atl. Rep.* 693; *Wm. H. Jamouneau Co.* v. *Wetherill*, 98 *N. J. L.* 80; 118 *Atl. Rep.* 707. If the facts set forth in the complaint are true, the plaintiff, waiving the tort, has a cause of action against the defendant for the recovery of the money so received *quasi ex contractu* upon the theory of unjust enrichment. The law will not permit anyone to enrich himself unjustly at the expense of another, and therefore the action of *indebitatus assumpsit* for money had and received will lie whenever one has the money of another which he has no right to retain and which he is obliged by the ties of natural justice and equity to refund, *Cory* v. *Freeholders of Somerset County*, 47 *N. J. L.* 181; *Township of Franklin* v. *Jones*, 86 *Id.* 224; 90 *Atl. Rep.* 1010. This right of action had its origin in Chancery due to the lack of a remedy at law, *Capraro* v. *Propati*, 127 *N. J. Eq.* 419; 13 *Atl. Rep.* (2d) 318. Such a right of action did not come within any of the forms of action in tort or on contract then known to the common law. The obligation or debt did not arise out of a genuine contract, that is, out of the will and intention of the parties expressed or implied in fact. On the contrary, the obligation or debt was created by law despite the dissent of a party. To provide a remedy at law the judges adapted the known remedy to the new situation and by means of fictions, brought the remedy within the form of an action *in assumpsit*, *Keener on Quasi Contracts* 14. This being so, the complaint should, to sufficiently plead a cause of action *in assumpsit* in the *indebitatus* count, allege such facts as will show the plaintiff's right of action including a statement that the defendant has received a sum certain in money belonging to the plaintiff, for the use of the plaintiff, which the defendant in justice and equity is obliged to refund, *Township of Franklin* v. *Jones, supra.*. Recognizing the difficulty of proving a promise, which was essential to the action *in assumpsit* at common law, where none in fact existed, the doctrine that "the law implied a promise" from the facts was

introduced. The *indebitatus* count was simple in that it was sufficient to state that the defendant was indebted to the plaintiff in a certain sum "for money had and received by the defendant to and for the use of the plaintiff," 1 *Chitty's Pleading* (7th ed.) 362; *Bullen & Leake's Precedents of Pleading* (7th ed.) 205. As Mr. Justice Parker pointed out in *Marine Trust Co.* v. *St. James Church*, 85 *N. J. L.* 272; 88 *Atl. Rep.* 1075, 1076, where there may be doubt as to the manner of pleading, "the safest course is to utilize the special counts contained in the old form books which, when stripped of their verbiage, will usually be found to answer the purpose admirably." The pleader should either allege the facts which constitute his claim or state the circumstances from which those facts necessarily by intendment of law result, *Taylor* v. *New Jersey Title, &c., Co.*, 70 *N. J. L.* 24; 56 *Atl. Rep.* 152. What the law intends may be omitted in the averment of pleading, *Bennington Iron Co.* v. *Rutherford*, 18 *N. J. L.* 105; *Wilkinson-Gaddis Co.* v. *Van Riper*, 63 *Id.* 394; 43 *Atl. Rep.* 675; *Ziegener & Lane* v. *Daeche*, 91 *N. J. L.* 634; 103 *Atl. Rep.* 82.

Viewed in this light the complaint alleges in the first count that the defendant received a sum certain in money belonging to the plaintiff's assignor for an illegal purpose, to wit, a wager on a horse race; and in the second count that the defendant received a sum certain in money, the property of the plaintiff's assignor, with knowledge that the said sum of money had been stolen from the plaintiff's assignor. From these allegations of fact the law will imply an obligation or debt owing from the defendant to the plaintiff's assignor and the promise by the defendant to repay that which in equity and justice he should refund.

The Hackensack Trust Company's right to such money is a chose in action arising *quasi ex contractu*—out of the implied contract of the defendant to refund the money belonging to it—and as such is assignable in law, *R. S.* 2:41–1; *N. J. S. A.* 2:41–1; *Van Pelt* v. *Schauble*, 68 *N. J. L.* 638; 54 *Atl. Rep.* 437.

The complaint is sufficient and the motion to strike is denied.