JOHN F. KIETRYS AND MARY H. KIETRYS, PLAINTIFFS, v. GEORGE W. CREGAR, DEFENDANT.

Decided August 30, 1945.

For the plaintiffs, *Irving Youngelson.*

For the defendant, *William T. Long.*

LEYDEN, S. C. C.   The motion is to strike the answer, separate defenses and counter-claim as sham and insufficient in law.

Cregar, the defendant, sold his house and lot to Kietrys, pursuant to the covenants and agreements contained in a contract of sale made the 25th day of September, 1944.   The contract provided that the defendant, in consideration of $8,500, would convey the premises to the plaintiff by deed of warranty, free of all encumbrances, on or before the 1st day of November, 1944, and further that Kietrys "may enter into and upon the said land and premises on the 1st day of November, next ensuing the date hereof, and from thence take the rents, issues and profits to his or their use, but provided, the

said George W. Cregar shall occupy the premises without charge until November 1st, 1944, and may further occupy the premises for the month of November following and pay the sum of $30 per month therefore."

The deed was delivered and received on November 4th, 1944, and Cregar continued in possession, paying the required $30 for the month of November. He did not vacate on December 1st, 1944, but remained in possession after a demand and written notice for the delivery of possession was made upon him. Whereupon a suit for unlawful detainer was instituted against him in the First Judicial District Court of Morris County, and it resulted in a judgment of restitution with trebled costs. He vacated the premises on February 15th, 1945, and paid the taxed costs on March 10th, 1945.

The present action was instituted by Kietrys. He seeks, as damages, for "the deliberate and malicious conduct and wanton disregard of plaintiff's rights as aforesaid by defendant," the sums of money he alleges he was obliged to expend such as taxes, water and insurance for two and one-half months from December 1st, 1944, to February 15th, 1945; rent paid by him for other premises for same period; interest on $8,500 at six per cent. for two and one-half months, and legal fees. Apropos the measure of damage, see *Wheaton v. Collins*, 90 *N. J. L.* 29; 100 *Atl. Rep.* 157; *affirmed*, 91 *N. J. L.* 236; 103 *Atl. Rep.* 201. Punitive damages are sought for "the deliberate, malicious and wanton conduct on the part of the defendant in refusing to vacate and surrender the lands and premises, pursuant to the terms of the said contract of sale, * * *."

The answer denies the unlawful detainer and sets up four separate defenses. The first and second substantially allege a tenancy arising out of the contract of sale and a parol agreement entered into on or about December 7th whereby the plaintiff let and rented the premises to the defendant until the spring of 1945 at a monthly rental of $30 for December, $55 for January and monthly thereafter until such time as the defendant could obtain another place in which to live; that the plaintiff accepted the $30 as rent for the month of December but refused the sums offered as rent thereafter.

The third defense is that the plaintiff's testimony was false and malicious and the proceedings for unlawful detainer were in violation of the statute. The fourth challenges the jurisdiction of the District Court over the subject-matter of the action therein.

The counter-claim is difficult to interpret. It alleges the contract of sale and a parol agreement between the parties whereby the plaintiff rented to the defendant the described premises until the spring of 1945, and in consideration therefor the defendant agreed to pay $30 for the month of December, 1944, and $55 per month thereafter until he should remove therefrom. It alleges the payment of $30 for the month of December to the plaintiff and the offer to pay for the month of January, but nevertheless the plaintiff "thereupon made and executed false and malicious complaint to commence an action for unlawful detainer which they instituted in the District Court of the First Judicial District of the County of Morris." It further alleges that on the 8th day of February, 1945, the District Court entered a judgment of restitution against the defendant "which was in flagrant violation of the statute in such case made and provided, and in total disregard of the fact;" "the testimony of the plaintiffs offered in said cause was false" and "the action of the plaintiffs in instituting the said action * * * was reckless and malicious and intended to harass and annoy defendant."

The counter-claimant seeks "as result of said malicious action of plaintiffs" the sums of money he was obliged to expend to defend himself "from the persecution of plaintiffs," and alleges he was compelled to remove from said premises within seven days. Punitive damages are likewise sought.

In support of the motion, plaintiff argues that the relation of landlord and tenant did not exist between the parties and that the matters sought to be litigated by the answer, defenses and counter-claim have already been adjudicated adversely to defendant in the District Court proceeding. The contention is not persuasive. The agreement with reference to possession by defendant contained in the contract of sale was distinct, collateral and independent. By it defendant was to occupy the premises of the plaintiff, with his permission and

in recognition of his title, for the definite term of one month· at a rental of $30. The relation of landlord and tenant was thus created between them even though it was but for the month. Compare *Nestal* v. *Schmid*, 39 *N. J. L.* 686; *Moore* v. *Moore*, 41 *Id.* 515; *Moore* v. *Smith*, 56 *Id.* 446; 29 *Atl. Rep.* 159. The defendant held over and was dispossessed· by the judgment of the District Court. The determination in dispossession so far as it affected the rights of either the landlord or the tenant was a decision *pro hac vice*—"for that occasion"—and nothing more. Either of them may, in any subsequent legal proceeding, deny or disapprove the facts upon which such decision was based. *McWilliams* v. *King & Phillips*, 32 *N. J. L.* 21; *Hopper & Broomhead* v. *Chamberlain*, 34 *Id.* 220. The legislature, in providing for summary proceedings by a landlord to obtain speedily the right to the immediate possession of his property, recognized that the landlord might be wrong and ordained that he shall remain liable, in an action at law in the nature of an action of trespass for any unlawful proceeding under the act. *McGann* v. *LaBrecque Co.*, 91 *N. J. Eq.* 307; 107 *Atl. Rep.* 501; *R. S.* 2:58–26; *N. J. S. A.* 2:58–26, and its companion provisions under District Courts, landlord and tenant *R. S.* 2:32–273; *N. J. S. A.* 2:32–273, and forcible entry and detainer *R. S.* 2:32–258; *N. J. S. A.* 2:32–258. The District Court judgment of restitution is, therefore, not *res judicata* and the answer and separate defenses, raising the unlawfulness of the dispossess proceeding are sufficient and will be permitted to stand to the end that the fact questions raised may be determined by a jury.

The counter-claim gives more pause. It sounds in malicious prosecution. If this is the theory of defendant, it is insufficient for failure to allege a favorable determination of the District Court proceedings. *Ash* v. *Cohen*, 119 *N. J. L.* 54; 194 *Atl. Rep.* 174. Perjury, of itself, will not give rise to a civil action for damages. The remedy is by indictment and criminal prosecution. *Kantor* v. *Kessler*, 132 *N. J. L.* 336; 40 *Atl. Rep.* (2d) 607.

The statute, *R. S.* 2:58–26; *N. J. S. A.* 2:58–26, gives the remedy for an unlawful proceeding as an action at law in

the nature of an action of trespass. Our Practice Act and court rules have not abolished the essential and differentiating rules applicable to pleading as established at common law. *Ward* v. *Huff,* 94 *N. J. L.* 81; 109 *Atl. Rep.* 287; *Taylor* v. *Brewer,* 94 *N. J. L.* 392; 110 *Atl. Rep.* 693; *Wm. H. Jamouneau Co.* v. *Wetherill,* 98 *N. J. L.* 80; 118 *Atl. Rep.* 707. It follows, if the defendant's theory is that of trespass, he must plead the wrongful act on the part of the plaintiff, viz., the force essential to trespass. This he has not done with clarity. His removal by virtue of a warrant to dispossess is the act which becomes the basis of an action of trespass or in the nature thereof. To maintain the action it must be shown that the tenant was removed by a warrant to dispossess, but he need not wait for the exercise of actual force. *Coe* v. *Haines,* 44 *N. J. L.* 134.

The counter-claim is insufficient. The motion as to it is granted with leave, however, to the defendant to plead over, if he deems it advisable, within twenty days.