JAMES M. BARTON v. WEST JERSEY TITLE AND GUARANTY COMPANY.

Argued June 12, 1899—Decided November 13, 1899.

1. In an action upon a covenant contained in a policy of insurance of the title of land grounded on the eviction of the insured from the land— *Held,* that to make out a cause of action the declaration must show either an eviction under a paramount title by due process of law or a disturbance of title or possession under a paramount title equivalent to an eviction.

2. Whether, under the provisions of the policy in question, eviction by due process of law was essential to a right of action or not—*Quære.*

3. An averment of a claim of title or of eviction under an adverse title is not sufficient.

On demurrer to declaration.

Before MAGIE, CHIEF JUSTICE, and Justices VAN SYCKEL, GARRISON and LIPPINCOTT.

For the plaintiff, *Howard Carrow.*

For the defendant, *Lewis Starr.*

The opinion of the court was delivered by

MAGIE, CHIEF JUSTICE.   This is an action on contract in the nature of an action on covenant upon a sealed policy of insurance of the title to certain lands of the plaintiff.   The declaration sets up the contract contained in the policy, but as the pleader has annexed to the declaration a copy of the policy and referred to it so that it has become part of the record, it will be convenient to consider the contract itself rather than the statements of the declaration in respect to it.

Defendant has interposed a demurrer to the declaration, and upon demand has served plaintiff with various specifications of the causes on which it rests its demurrer.

It is not deemed necessary to consider any of the causes except the second, which asserts that the declaration does not set out the breach of the covenant declared upon, because the declaration in that respect is plainly insufficient.   The contract annexed to the declaration is expressed, so far as the matter now under consideration is concerned, in the following terms: " This policy of insurance, witnesseth, that the West Jersey Title and Guaranty Company, in consideration of the sum of ten dollars to it paid by James M. Barton, of the city of Philadelphia, in the State of Pennsylvania, covenants that it will indemnify, keep harmless and insure the said James M. Barton   *   *   *   against all loss or damage, not exceeding four thousand dollars, which the said insured shall sustain by reason of defects in or unmarketability of the title of the insured to the estate, mortgage or interest described in schedule A hereto annexed, or against all liens or encumbrances, charging the same at the date of this policy, *   *   *   the loss and amount to be ascertained in the manner provided in the said conditions and to be payable upon compliance by the insured with the stipulation of such conditions, and not otherwise."   By schedule A the interest insured is

described as an estate in fee-simple, and the particular tract in which such estate is insured is set out by metes and bounds and by reference to a recorded title deed.

Among the conditions of the policy is the following, viz.: No claim shall arise under this policy unless (1) the party insured has been actually evicted under an adverse title insured against.

The first contention in support of this cause of demurrer is that upon the contract thus set out the declaration, if intended as the declaration in this case clearly is, to base the action on a breach of covenant arising from the eviction of the insured from the insured premises, must assert an eviction under a paramount title by due process of law.

The notion that such an eviction was essential to establish a cause of action upon a covenant of warranty was repudiated in this court in *Kellog* v. *Platt*, 4 *Vroom* 328. It was there held in conformity with the previous decision in *Carter* v. *Denman's Executors*, 3 *Zab.* 260, that an action on that covenant could be maintained upon a disturbance of title or possession by a paramount title tantamount to eviction.

But it is contended, with no little force, that the covenant in this policy differs from a covenant of warranty, and that the doctrine applied to the latter is not applicable to the former. The contention is put on the express exclusion of any claim under the policy, unless the insured has been actually evicted under an adverse title. It derives its force from a comparison of this clause of the paragraph with the provision of condition 7, whereby the company agrees, at its own cost, to defend the insured in any action of ejectment founded on a claim of title insured against, and requiring the insured to notify the company of the action and to give it an opportunity to defend it. It is also thereby provided that unless the insured notifies the company within five days after the service of the writ in the action, the insurance shall be void. If this is the correct construction of the contract contained in the policy, the declaration is obviously insufficient, as it contains no assertion of an eviction by due process of law.

But it is deemed unnecessary to express an opinion upon the contract in that respect. Assuming that the covenant in question would be broken by such an eviction as would give rise to a right of action on a covenant of warranty, viz., a disturbance of title or possession by paramount title equivalent to an eviction, the declaration is equally deficient. The deficiency occurs because there is a total failure to aver that the disturbance and eviction of plaintiff was by a paramount and superior title. The assertion of the declaration is that the West Jersey and Sea Shore Railroad Company claimed a lawful right and title to a part of the land the title of which was insured by defendant, and that said company entered and evicted the plaintiff under an adverse title. This does not describe an entry or disturbance by paramount title, and so the breach of the covenant sued upon is not disclosed by the declaration.

The defendant is entitled to judgment upon this demurrer.