GEORGE TAYLOR v. NEW JERSEY TITLE GUARANTEE
AND TRUST COMPANY.

Submitted March 21, 1902—Decided June 9, 1902.

An action upon a policy of insurance of title of land, which guaranteed
the plaintiff against loss from certain causes, provided that such
loss be ascertained in a manner provided by the conditions of the
policy. *Held*, that to make out a cause of action the declaration
must state facts tending to show specifically that loss had befallen
the plaintiff in one or more of such modes.

On demurrer to declaration.

Before GUMMERE, CHIEF JUSTICE, and Justices VAN
SYCKEL, GARRISON and GARRETSON.

For the plaintiff, *Herbert C. Gilson.*

For the defendant, *Corbin & Corbin.*

The opinion of the court was delivered by ·

GARRISON, J. The declaration to which the defendant has
demurred contains two counts, each of which makes the writ-
ten policy or guaranty of title issued by the defendant a part
of the pleading.

The breach alleged in the first count is "that the premises
were encumbered by confirmed taxes and assessments which
were a lien upon said property at the time that the same was
conveyed to the plaintiff; and that plaintiff thereby has been
injured and prevented from selling and disposing of the same,
and plaintiff was deprived of said premises by reason of the
encumbrances. The breach alleged in the second count is
that by reason of two certain encumbrances the plaintiff did
not obtain a good and sufficient title to the premises and
thereby has been prevented from selling the same and has
lost the premises by reason of said encumbrances."

The loss against which the policy of the defendant guarantees the plaintiff is to be ascertained in the manner provided by the conditions of the policy, and is payable upon compliance with such conditions and not otherwise. Among these conditions, section 9 provides that no claim shall arise under the guaranty unless (1) the party guaranteed has been actually evicted under adverse title, or (2) there has been a final judgment or decree upon an encumbrance not excepted, or (3) the party guaranteed has contracted to sell the guaranteed estate, and the title has been rejected because of a defect or encumbrance.

Unless, therefore, the pleader has set out in his declaration that loss has befallen him in one of these modes, he has not shown any right of action under the contract upon which he sues.

It is clear that no eviction has been pleaded, hence condition 1 has not been complied with. *Borton* v. *West Jersey Title Co.,* 35 *Vroom* 24.

The statements in the first count that "said premises are encumbered by confirmed taxes and assessments which were a lien upon the property," and in the second count that "two certain encumbrances against said property, &c., do not have any tendency to fulfill the requirement of condition 2, which contemplates a judicial determination evinced by a judgment or decree. As to condition 3, neither count sets up any state of facts from which it can be deduced that any specific contract to sell the guaranteed property had been made and that the title thereof was therein rejected because of said encumbrance.

The general statements of the *narr.,* with respect to encumbrances, expenses and loss of values, are entirely inadequate to display a cause of action under the contract by which alone these parties are bound to each other.

The demurrer is sustained, with costs.