GEORGE TAYLOR v. NEW JERSEY TITLE GUARANTEE
AND TRUST COMPANY.

Argued June 2, 1903—Decided November 9, 1903.

1. The confirmation of a tax or assessment by a municipal body, which is legally necessary to render the tax or assessment a lien, is not "a final judgment or decree upon a lien," within the meaning of the contract between these parties.

2. An averment in a declaration that V. B. purchased land at a tax sale and ever since has lawfully held the land against the plaintiff, is not legally equivalent to an averment that the plaintiff was evicted *under* the title conveyed by that sale.

3. The statutory permission to plead the performance of conditions generally does not, in its application to contracts of indemnity, extend to matters which constitute the very loss for which the insurer is to be answerable, as *e. g.*, the burning of the building in a fire policy.

4. When the facts essential to the plaintiff's right of action are averred in the declaration in general terms, the lack of circumstantial details will not afford ground for demurrer.

5. An averment in a declaration that the defendant became indebted to the plaintiff on a special contract, without the allegation of any facts out of which such indebtedness might arise, will not legally sustain a promise by the defendant to pay the alleged debt.

6. An allegation of time in the words "on the day and year aforesaid" is sufficiently specific, when a precise day has been stated in a clause immediately preceding.

On demurrer to declaration.

Before. GUMMERE, CHIEF JUSTICE, and Justices DIXON, HENDRICKSON and PITNEY.

For the plaintiff, *Herbert Clark Gilson.*

For the defendant, *Corbin & Corbin.*

The opinion of the court was delivered by

DIXON, J. A copy of the contract on which the declaration in this case rests is annexed thereto and made part of it. The pertinent provisions of the contract are that the de-

fendant would indemnify the plaintiff against all loss or damage which he should sustain by reason of defects in his title to a designated lot in Bayonne, except certain specified defects, the loss and amount to be ascertained in the manner provided in the conditions annexed to and incorporated in the contract, and to be payable on compliance by the plaintiff with the stipulations of said conditions, and not otherwise. According to these conditions no claim would arise under the guaranty of indemnity unless (1) the plaintiff should be actually evicted under an adverse title guaranteed against, or (2) there should be a final judgment or decree upon a lien or encumbrance not excepted from the guaranty, or (3) the plaintiff should contract to sell the guaranteed estate or interest and the title should be rejected because of a defect or encumbrance not excepted from the guaranty. The conditions, besides, contain various stipulations to be complied with by the party guaranteed before the right of action on the guaranty is perfected.

The first count of the declaration alleges the existence of liens on the lot for unpaid taxes and assessments which had been confirmed by the city of Bayonne. The second count alleges the existence of the lien for said taxes and assessments, a sale of the lot to V. B. by reason thereof, and the delivery of a deed of conveyance to him therefor, and that ever since the delivery of said deed the said V. B. has been seized of and has lawfully held the lot against the plaintiff. The third count alleges the existence of said lien for taxes and assessments, and that plaintiff contracted to sell said lot to certain persons and that the title was rejected by said persons on account of said lien. Each of these counts avers that the plaintiff has fully complied with and performed all the matters and things in and by the said policy of guaranty and the conditions thereto annexed required of him to be done.

The defendant demurs to each count.

The plaintiff endeavors to support the first count by contending that the confirmation by the city of a tax or assess-

ment is a judgment, and that thus the count shows a claim within the second clause of the conditions as above recited.

This contention is not well founded. The confirmation of a tax or assessment by the city was necessary to *create* the lien (*Cadmus* v. *Fagan,* 18 *Vroom* 549), but it was not "a final judgment or decree *upon* a lien," an expression which indicates a lien anterior to the judgment or decree. A similar count was adjudged bad in *Taylor* v. *New Jersey Title Guaranty and Trust Co.,* 39 *Id.* 74.

To support the second count the plaintiff relies on the first clause of the conditions, insisting that it legally shows an "eviction under an adverse title guaranteed against." In *Barton* v. *West Jersey Title Co.,* 35 *Vroom* 24, the question was suggested whether the policy there under consideration (and the present policy is like it) did not require eviction by due process of law to warrant a claim under this clause. But assuming that to be unnecessary, an eviction *under* the adverse title guaranteed against is certainly essential, and in this respect the count is defective. Supposing that it alleges an adverse title and an eviction, it leaves it to mere inference that the latter resulted from the former. Such an inference is not a necessary one—an inference of law—and the rules of pleading require the pleader either to aver directly the facts which constitute his claim or to set forth the circumstances from which those facts necessarily by intendment of law result. 1 *Chit. Pl.* *222.

The general averment of performance by the plaintiff of conditions required of him to be done, which is found in each of these counts, does not supply their defects. The final judgment or decree upon the lien, and the eviction under an adverse title, are not things to be done by the plaintiff, and so are not covered by this averment. Nor are they, I apprehend, conditions such as are intended by the statutory rule which sanctions this general averment in pleading. They constitute the very elements of the loss for which the defendant is to be answerable, as the death of the insured in a life policy and the burning of the building in a fire

policy, and are distinct from the conditions upon which depends the responsibility of the defendant for the loss, when it occurs. Only such conditions are embraced within the statutory permission to aver performance generally.

The third count we consider good as against a demurrer. It alleges the facts required to establish a loss, viz., an encumbrance by the lien of unpaid taxes not excepted from the guaranty, the plaintiff's contract to sell and the rejection of the title because of the encumbrance. These facts satisfy the third clause of the policy. The objection urged by the defendant that the details of the plaintiff's contract are not set out is not available on demurrer. *Ferguson* v. *Western Union Telegraph Co.,* 35 *Vroom* 222; *Minnuci* v. *Philadelphia and Reading Railroad Co.,* 39 *Id.* 433. The further objection that the plaintiff has not alleged the notice and proof of loss and the tender of a conveyance, which are said to be necessary to perfect his right of action, is obviated by the general averment of performance of conditions required by the plaintiff. These matters do not form the gist of the loss.

The residue of the declaration seems to consist of two counts, and will be so treated.

The first of these two—the fourth in the declaration—alleges that the defendant became indebted to the plaintiff in the sum of $3,000 on the policy mentioned, and being so indebted, afterwards, to wit, on December 18th, 1894, it promised the plaintiff to pay that sum.

This count is bad. The alleged indebtedness is a mere conclusion of the pleader without the averment of any facts to support it, and, as an indebtedness is not legally shown, the promise to pay is *nudum pactum.*

The final or fifth count is the common claim for money had and received and for interest. It is objected to only because its allegation of time is "on the day and year aforesaid," which is said to be not sufficiently specific. Whether such an objection can be raised on demurrer is questionable, but at any rate the time referred to is that just previously

mentioned in the preceding count—December 18th, 1894—and is specific.

On these several demurrers the plaintiff is entitled to judgment upon the third and fifth counts of the declaration, and the defendant upon the first, second and fourth.