## MARY ALLEN ELWOOD, APPELLANT, v. VIVIAN B. SMITH, RESPONDENT.

Submitted October 14, 1927—Decided January 18, 1928.

Before Justices PARKER, MINTURN and CAMPBELL.

For the appellant, *Henry W. Lewis.*

For the respondent, *William H. Smathers.*

The opinion of the court was delivered by

PARKER, J. This is a suit for damages brought by the vendee of real estate under a written contract signed by the vendor, and the action was framed as brought under the act of 1915 (*Pamph. L., p.* 316), and particularly the proviso that the act shall not limit the recovery where the purchaser seeks to recover for the deceit or fraud of the vendor. Judge Lawrence, who tried the case in the Circuit Court without a jury, held that no deceit or fraud had been shown and that no damages by way of the recovery of the down money or the expenses of examining the title or survey had been made to appear, and in view of these facts, awarded a judgment for the defendant. He made a specific statement of facts in writing and appended the following rulings:

"(a) The action is not brought within the purview of the act of 1915 (*Pamph. L., p.* 316) for the reason that while defendant was unable to carry out the agreement for sale, no claim is made of any expense incurred by plaintiff in examining the title or for survey, nor was any deposit on account of purchase price made and retained by defendant.

"(b) Since no fraud or deceit is charged, an action for damages in this respect will not lie.

"(c) Moreover, inasmuch as plaintiff declined to accept the title unless defendant's wife joined in the execution of the deed contemplated by the agreement for sale which in turn is found to have been conditional on her consent, of which fact plaintiff's husband, acting for her, had knowledge at the time of the execution of such agreement, the present action cannot be maintained."

The circumstances of the case are about as follows: The plaintiff's husband and the defendant met with reference to the sale of the property, and a written contract was drawn in which the defendant's wife is not named as a party and which she did not sign. The contract was apparently on a printed form containing a clause with relation to liquidated damages in case of failure to perform, but the amount of the liquidated damages was left blank, and, consequently, the clause is nugatory. At the time of the negotiations the defendant, who had the contract on his desk, signed in duplicate with his own signature, and warned the plaintiff that he thought Mrs. Smith would refuse to sign the contract, but the plaintiff took one of the copies and said he would take the chances of that. The defendant's wife did refuse to sign, and plaintiff raised an issue of fraud on this subject, which was found adversely by the trial judge, and in that finding we fully concur. There was no search or survey made; the check for the down money handed by the plaintiff to the defendant was returned by the defendant, the plaintiff sent it back to him, and the defendant again sent it back to the plaintiff who, at the time of trial, still had it, if it had not been destroyed.

The plaintiff submitted a number of written requests for findings, but does not discuss them specifically in his brief.

He makes the two following points—*first,* that as a court question, or as a matter of law, fraud and deceit on the part of the defendant was at issue in the case and proven. We may concede for the purpose of argument that it was at issue in the case, although it was not alleged in the complaint. Assuming this, the facts were found by the trial judge against the plaintiff, and his finding is impregnable here unless it appears that there was no evidence to support it. We think there was ample evidence.

*Secondly,* the plaintiff attacks the third finding of the trial judge to the effect that the delivery of the contract to the plaintiff's husband (and it is admitted on the record that there was a contract) was conditional upon obtaining the signature of the defendant's wife, is erroneous and particularly that the testimony tending to show that such delivery was conditional was incompetent. We incline to think that this point was well taken, for if there was a delivery of the paper to the plaintiff (and the "contract" was expressly admitted on the trial), we fail to see how it could, under the rules of evidence as obtaining in this state, be tied up to any conditions between the plaintiff and the defendant which were a matter of parol. 21 *C. J.* 874; *Black* v. *Shreve,* 13 *N. J. Eq.* 455; *Ordinary* v. *Thatcher,* 41 *N. J. L.* 403; *Lake* v. *Weaver,* 76 *N. J. Eq.* 280, 288.

It follows, therefore, that there was a valid contract between the plaintiff and defendant which the defendant failed to perform. It was an agreement to convey a good and sufficient title, and the plaintiff lawfully repudiated the defendant's deed as tendered because it did not cover the inchoate dower of the defendant's wife. Hence, there was a technical breach by the defendant and a technical right of recovery on the part of the plaintiff for that breach.

The judgment for the defendant, therefore, seems to be erroneous, as the plaintiff was entitled to recover nominal damages in the absence of any proof of substantial damages. But this does not require that the case be sent back for a retrial. The findings of Judge Lawrence are full and complete, and have all the effect of a special finding by a jury. Consequently, this court may enter its own judgment in the

premises. *Smith* v. *Ocean Castle,* 59 *N. J. L.* 198; *National Bank* v. *Berrall,* 70 *Id.* 757 ; *Sullivan* v. *Visconti,* 68 *Id.* 543, 551; *Scheinman* v. *Bloch,* 97 *Id.* 404; *affirmed,* 98 *Id.* 571. The judgment will, accordingly, be reversed and final judgment entered in this court in favor of the plaintiff and against the defendant for the sum of six cents, without costs.

It may be well to add that, on the theory that at the interview the plaintiff's husband acted as agent of his wife, it may have been proper for the trial judge to hold that the contract was placed in the hands of the plaintiff's husband as such agent in escrow and not to be delivered until the defendant's wife had signed it. *Bowman* v. *Brown,* 87 *N. J. Eq.* 47; *affirmed, Ibid.* 363. In such a situation, we should be controlled by the finding of the trial judge that such conditions were imposed and that the plaintiff's husband had no right to deliver the contract to the plaintiff, and this would result in the affirmance of the judgment below. We have preferred to give the plaintiff the benefit of the strict rule relating to judicial admissions, and to regard the admission of the making of the contract as an admission of unqualified delivery. The practical result is the same, except that upon the judgment as now rendered, no costs will be allowed either party, whereas they would be allowed to the defendant in case of an affirmance.