SOPHIE LULLY, ADMINISTRATRIX AD PROSEQUENDUM OF ANTHONY J. LULLY, DECEASED, APPELLANT, v. NATIONAL SURETY COMPANY, A CORPORATION, LUDWIG HELD AND LUDWIG HASCHER, RESPONDENTS.

Submitted May 31, 1929—Decided February 3, 1930.

For the appellant, *John V. Laddey.*

For the respondent, *Benjamin P. De Witt.*

The opinion of the court was delivered by

WALKER, CHANCELLOR. This was an action at law in the Essex Circuit Court on a recognizance of bail executed by

the defendants, made to the plaintiff as administratrix *ad prosequendum,* &c. There were two bonds, treated as one.

The defendants gave notice to the plaintiff that they would move before the Circuit Court to strike out the causes of action contained in the complaint, on the ground that the first cause failed to contain any allegation that a *capias ad satisfaciendum* was issued to the sheriff and returned *non. est inventus* in compliance with paragraph 79 of the Practice act; (2) the second cause of action was the same as alleged as to the first cause. The matter came on for hearing before Circuit Court Judge Porter, who, in deciding the motion, made the following deliverance:

"On motion to strike out the complaint. The action is brought to recover the amount due the plaintiff from the defendants under the terms and conditions of a recognizance of bail. The complaint sets forth the terms and conditions of said recognizance, and charges a breach of said conditions. Several reasons are urged on behalf of the defendants in support of the motion. The only question to be considered on this motion is whether or not the complaint sets forth a proper cause of action.

"Section 79 of the Practice act provides:

" 'After a *capias ad satisfaciendum* shall have been returned *non est inventus,* the plaintiff may proceed against the bail upon their recognizance.'

"Under this statute it seems prerequisite that a compliance with its provisions must be had before an action on the recognizance will lie. That being so, the complaint must contain an averment to that effect. There is none such in this complaint. *Morgan* v. *Bowman,* 103 *N. J. L.* 543, is cited by the attorney for the plaintiff as authority to the contrary. I do not so read it.

"The motion is granted."

Whereupon an order was made striking out the complaint in the above-entitled action. The order is too narrow. It should have been followed by a final judgment *respondeat ouster,* as hereinafter appears.

"By rule 26 of the Practice act, 1912 (*Pamph. L., p.* 377

(now rule 40 of the Supreme Court), general demurrers are abolished and as a substitute therefor it is provided that *any* pleading may be struck out on motion on the ground that it discloses no cause of action, defense or counter-claim, respectively, and the order made upon such motion is appealable after final judgment." *Savage* v. *Public Service Railway Co.,* 95 *N. J. L.* 432.

While demurrers are abolished and motions mentioned in the rule are substituted therefor, yet the principles of the common law method of pleading are essentially followed. *Apfelbaum* v. *Pierce,* 2 *N. J. Mis. R.* 1150, 1152.

Where the matter of defense depends not merely upon the *established practice* of the court, but also upon *a general rule of law,* as that bail above shall not be proceeded against until a *capias ad satisfaciendum* has been issued against the principal, such matter is *pleadable.* 1 *Chit. Pl.* 469. And cannot be taken advantage of by demurrer (motion) in a suit at law.

In *Johnson* v. *Rowan,* 16 *N. J. L.* 266, it was held that *respondeat ouster* is not a judgment of course on demurrer overruled. But where there is a real substantial defense, leave to plead may be granted.

In *Hale* v. *Lawrence,* 22 *N. J. L.* 72, the Supreme Court held (at *p.* 74) : "Upon general principles, wherever a demurrer is filed in good faith or for the purpose of settling a question of law involved in the controversy, justice requires that, upon the decision of that point of law, either party should be permitted to amend his pleadings, in such mode as to present for determination the substantial cause of action, or the real ground of defense. The object of pleading is not to defeat, but to advance the ends of justice; not to destroy, but to protect the substantial rights of parties. In accordance with this clear and obvious principle, courts of justice have manifested great and increasing liberality in allowing amendments after demurrer. By the ancient practice, indeed, no amendment was permitted after demurrer without consent, upon the principle that where a party had staked his rights upon a point of law, he was

bound to abide by his election. * * * In modern practice, however, it is well settled, in accordance with sound principle, that amendments may be made even after judgment upon demurrer, whenever the substantial ends of justice require it. Such is the law of this court. The subject was fully and ably investigated by Chief Justice Hornblower on more than one occasion, and settled by the unanimous judgment of the court."

In *Tomlinson* v. *Armour & Co.,* 74 *N. J. L.* 274, there was a demurrer to a declaration, and the Supreme Court held that it was insufficient and gave judgment thereon for the defendant. In *S. C.,* 75 *N. J. L.* 748, Chancellor Pitney, speaking for the Court of Errors and Appeals (after discussing and commenting on a question of practice concerning the form of the judgment, &c.), considered the merits of the case, and held (at *p.* 762) : "Upon both reason and authority we are clearly of the opinion that the declaration before us sets up a good cause of action;" and concluded that the judgment should be reversed and the record remitted to the Supreme Court, to the end that the defendant might apply for leave to withdraw its demurrer and plead to the merits, citing *Hale* v. *Lawrence,* 22 *Id.* 72, 82.

From the foregoing it clearly appears that the ancient doctrine of giving judgment finally settling the controversy in favor of the party, plaintiff or defendant, prevailing on demurrer, has been superseded by the more reasonable and liberal one, of giving in all causes permitting it, judgment of *respondeat ouster,* that is, allowing the defeated party to plead over again.

The doctrine of pleading the statute of limitations in an action at law is analogous.

In 37 *C. J.* 1216 it is stated that at common law and in those states where the common law system prevails, the defense of the statute of limitations, in an action at law, must be specially raised by answer or plea.

In *Callan* v. *Bodine,* 81 *N. J. L.* 240, the Supreme Court said (at *p.* 242) : "In respect to the first ground, it appears upon the face of the declaration that the bond sued on

matured on November 1st, 1890, more than sixteen years before the beginning of this action. Our statute enacts that every action upon every obligation with a condition for payment in money only shall be sued within sixteen years next after the cause of action shall have accrued, and not after. *Gen. Stat., p.* 1975, ¶ 6.

"In an action at law the defense of a bar of the statute of limitations is not available unless set up by plea. 25 *Cyc.* 1396.

"The defendant cannot demur to a declaration even when it appears on its face that the limitation prescribed by the statute has expired, for the principal reason that thereby the plaintiff would be deprived of the opportunity of replying that the case was within some of the exceptions of the statute, or any other matter that would prevent the bar from attaching. 13 *Encycl. Pl. & Pr.* 200.

"Where the cause of action did not exist at common law, but has been created by statute which fixes a time within which the action must be brought as an essential element of the right to sue, the question of limitation may be raised by demurrer. 25 *Cyc.* 1398.

"The present action is not created by statute, but existed at common law, and in all common law procedure the defense of the statute of limitations must be specially pleaded."

The cause of action in this case (like that in Callan *v.* Bodine) was not created by the statute, but existed at common law. And New Jersey is a common law state.

Now as to judgment: It is an ancient rule of law that error (now appeal) will lie only after final judgment. *Salaman* v. *Equitable Trust Co.,* 105 *N. J. L.* 649.

Rule 26 of the Practice act of 1912 (*Pamph. L., p.* 389), (now rule 40 of the Supreme Court), provides among other things that the order made upon the motion therein provided for is appealable after final judgment; so it clearly appears by the terms of the statute that no appeal lies from the order itself until after final judgment entered.

While a Supreme Court commissioner cannot order a summary judgment entered in that tribunal, nevertheless, after

answer struck out by such commissioner, the court, or a judge at chambers, may enter such judgment. *National Surety Co.* v. *Mulligan*, 105 *N. J. L.* 336.

Appeal does not lie from an order granting a motion to strike out the cause of action contained in a complaint.

The appeal taken herein is therefore dismissed, with leave to the parties to apply to the Essex Circuit for such further proceedings in the case as they may be advised.

*For dismissal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, CAMPBELL, LLOYD, CASE, BODINE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.