LEO GOLDBERGER, PLAINTIFF, v. CITY OF PERTH AMBOY, DEFENDANT.

Decided February 14, 1938.

BARBOUR, S. C. C.   This matter comes before me as Supreme Court commissioner on motion to strike amended answer and counter-claim and on stipulation of fact.

The plaintiff sues to recover money alleged to be due him on his salary while serving as judge of the District Court of the city of Perth Amboy, from January 19th, 1931, to July 1st, 1936, alleging that the defendant illegally deducted certain sums from the salary due him and has refused to pay the same.

It is admitted that on January 19th, 1931, the plaintiff was duly appointed and commissioned by the governor, by and with the advice and consent of the senate, to the office of the judge of the Perth Amboy District Court and acted as such during his term and until July 1st, 1936; that the plaintiff was entitled to receive for his services a salary of $3,500 per annum; that on March 18th, 1931, there was established as part of said District Court a division known as "Division of Small Claims," pursuant to resolution of the board of commissioners of the city of Perth Amboy, approved March 18th, 1931, which action was in accordance with the provisions of chapter 223 of the laws of 1926 (*Supp. Comp. Stat.* 1925-1930, § 61-221a), and chapter 161 of the laws of 1927 (*Supp. Comp. Stat.* 1925-1930, § 61-221r); that such

latter act provided for payment to the judge of such District Court of a salary of $600 per year in addition to the amount theretofore fixed by law as the salary of such judge; that the plaintiff's total salary as judge of such court amounted to the sum of $19,074.99, and that his total salary as judge of the Small Claims Division of such court amounted to the sum of $3,171.60; that he was paid on account of the first mentioned salary the sum of $16,386.63, leaving a balance of $2,688.36, and was paid on account of salary as judge of the Small Claims Division the sum of $2,692.41, leaving a balance of $479.19. These two balances amount to the sum of $3,167.55; the total amount set forth in the amended complaint being, however, the sum of $3,126.20.

The defendant contends that the 1926 act and the 1927 act were both unconstitutional and that, therefore, the plaintiff has been paid more than is due to him and that the defendant is entitled to a judgment on its counter-claim in the sum of $2,692.41, being the amount paid to the plaintiff for the services rendered by him in the Small Claims Division of such court.

The defendant on the argument alleged that the only point was the question of the constitutionality of the acts of 1926 and 1927 providing for the establishment of the Division of Small Claims and the payment of salary to the judge of the District Court by reason thereof, and stated that if such acts were declared constitutional the plaintiff is entitled to recover the full amount alleged to be due to him, conceding that under *Delmar* v. *Bergen County,* 117 *N. J. L.* 377; 189 *Atl. Rep.* 75, the acts pursuant to which deductions were made from plaintiff's salary were unconstitutional.

This action, therefore, differs from the actions which have been and are being instituted by persons who have held office pursuant to appointment by the governor, but whose salaries were paid by municipalities or counties, and who sue for the amount deducted pursuant to the so-called "Economy acts," in that the defendant city admits the unconstitutionality of such acts but contends that the balance alleged to be due to the plaintiff is for services in the Small Claims Division of

the court and that such act is unconstitutional. It alleges the plaintiff, therefore, cannot recover the moneys claimed, but, on the other hand, should repay to the city the moneys already paid to him on account of such services in such Small Claims Division, allowing credit, however, for the balance due on what might be termed the main salary as judge of the District Court.

The defendant contends that the 1926 act is unconstitutional alleging it amounted to an unconstitutional delegation of legislative authority to the governing body of the municipality.

Chapter 225, *Pamph. L.* 1926; *Supp. Comp. Stat.* 1925-1930, § 61-221a, is entitled "A supplement to an act entitled, 'An act concerning District Courts' (Revision of 1898), approved June 14th, 1898," and the first section thereof provides as follows:

"1. In all places in this state where there is a District Court there shall be established as part of said Court a division known as 'Division of Small Claims' of the District Court of the (naming the Court as already established); provided, the governing body of the municipality, or, if the court be a Judicial District Court, the board of chosen freeholders of the county shall so determine."

The defendant contends that because it required the affirmative action of the governing body of the municipality there was an unconstitutional delegation of legislative authority. The 1926 act covers four pages in the pamphlet laws and contains seventeen sections, setting up a complete scheme for the bringing of suits where the amount involved does not exceed the sum of $50, exclusive of costs, fixing costs for such at considerably less than the cost fixed for regular District Court actions, setting up a simplified method of procedure, so that services of an attorney are not necessary, and limiting jurisdiction to debts, claims, and demands sued upon by the original creditor and not by assignee or transferee.

It is, therefore, to be noted that the 1926 act was a complete legislative enactment requiring only action by the governing body of the municipality to put it into effect and

operation. This is not an unconstitutional delegation of legislative power. See *Sandford* v. *Morris County,* 36 *N. J. L.* 72 (at *p.* 74).

In *Hayes* v. *Hoboken,* 93 *N. J. L.* 432; 108 *Atl. Rep.* 868, our Court of Errors and Appeals had before it for consideration chapter 72, *Pamph. L.* 1911; *Cum. Supp. Comp. Stat.* 1911-1924, § \*136-3900E(1), the last section of which provided that the governing body of any municipality to which such act was applicable might "adopt" the provisions of such act. Mr. Justice Black, in speaking for the court, distinguished the act in question from that under consideration in *Attorney-General, ex rel. Booth* v. *McGuinness,* 78 *N. J. L.* 346; 75 *Atl. Rep.* 455, saying: "This court held that act was the delegation of legislative power to municipal corporations. and it is not valid when submitted to the governing body of such municipality only. Here we have no such procedure, but only the acceptance by a municipal corporation of the provisions of a legislative act, which does not carry the delegation of legislative power. This is a vital distinction, from a constitutional standpoint, as was pointed out in that case."

In the Small Claims Division act the language complained of reads: "provided, the governing body of the municipality * * * shall so determine." To my mind it is evident that since the legislature set up a complete enactment that the word "determine," meaning "to decided," is, at least, analogous to the word "adopt" or the word "accept." The act in question when it passed from the hands of the law-giver had taken the form of a complete law. *Sandford* v. *Morris County, supra.*

I, therefore, determine that the act of 1926 is constitutional and, inasmuch as the 1927 act merely provided for the payment of an additional salary to the judge of the District Court in which a Division of Small Claims is established, such act is likewise constitutional.

It is interesting to note that the defendant in it's brief (page 18) said, "the 1926 act does not create the office or position of judge of the District Court. In fact, under section 16 of that act, it is provided, 'the judge of the District

Court as now established shall be the judge of the Division of Small Claims during his term as District Court judge.' The office of judge of the District Court in the city of Perth Amboy was created by the District Court act proper. The act of 1926 merely added to the established District Court a Division of Small Claims and brought that division within the province and presidence of the judge of the existing court. The plaintiff was appointed under the District Court act proper. He was not appointed under the act of 1926." With this I agree.

While by the stipulation of facts it appears that there is due and owing the plaintiff the sum of $3,167.55, the amount claimed in the complaint is only $3,126.20, together with interest from August 9th, 1937. The judgment must, therefore, be limited to such sum.

Inasmuch as it was stipulated by counsel that my determination should be dispositive of the entire case and that the matter be considered not only as being on motion to strike the answer and counter-claim, but also as a trial without jury on stipulation of facts, the answer and counter-claim will be stricken and I find a verdict in favor of the plaintiff, Leo Goldberger, and against the defendant, city of Perth Amboy, and assess his damages at the sum of $3,126.20, together with interest thereon, from August 9th, 1937.

We find, therefore, that the plaintiff is entitled to receive the full compensation fixed for him by statute without any deduction, because he was not a municipal officer but was a state officer paid by the municipality. Had he been a state officer paid by the state treasurer or from appropriations, license fees, or from other state sources, he would have been subject to the deductions imposed upon such state officers and employes pursuant to chapter 172, *Pamph. L.* 1932, and chapters 1 and 292, *Pamph. L.* 1933, effective for the fiscal years commencing July 1st, 1932, and July 1st, 1933, respectively. Such state officers and employes in the same salary class were subjected to deductions of nine per cent. of their salaries for those two years.

It was the intention of the legislature that all persons in the employ of the state, the counties and the municipalities

should be subject to deductions because of the financial stress which was then so acute. It may be that the plaintiff is one of those persons who occupied the unique distinction of having been overlooked by the legislature, and, therefore, entitled to his salary in full without deduction for any period during the depression.

At the time of the enactment of these various acts the financial stress was most acute and the acts were passed to give municipalities, counties and the state some degree of relief therefrom. They enabled many municipalities and counties to meet their payrolls when otherwise there would have been more payless pay days. As a result of these acts and other legislation pertaining to municipal financing many of our municipalities were the better enabled to weather the storm and put themselves on a firmer basis.

The storm signals are still flying and troubled waters must still be crossed before safe anchorage is reached. There are signs that the financial stress may again be very acute. We all hope the present "recession" will not reopen the seams, but in any event this is not the time for the increasing the load on municipalities by forcing them to pay not only their current expenses in full but also to pay the moneys which were deducted in the past from those officers who enjoy the distinction of being state officers not subject to either municipal or state deductions. It seems to me they should be subject to one or the other. The justices of our Supreme Court voluntarily submitted to deductions imposed upon state officers in their salary class even though they were protected by direct constitutional provision. I believe some deductions were made in the form of donations by officers who were not legally subject to such deductions.

Perhaps some of those who are now bringing suit to recover deductions may see their way to donate the equivalent of the deductions imposed upon state officers in the same salary class who were subject to the state acts.

Nevertheless, as a matter of law, on the stipulation and pleadings the plaintiff is entitled to a verdict in full as hereinbefore set forth.

An order and *postea* may be presented accordingly.