WILLIAM E. HARPER ET AL., PLAINTIFFS, v. CITY OF ATLANTIC CITY, A MUNICIPAL CORPORATION, DEFENDANT.

Decided August 3, 1944.

For the plaintiffs, *W. Elmer Brown.*

For the defendant, *Samuel Backer.*

BURLING, C. C. J. and S. C. C.   William E. Harper and 183 other plaintiffs have brought suit against the defendant to recover the balance of salary and interest alleged to be due them for services performed as firemen during the years 1932 to 1941 both inclusive.

The complaint contains 184 separate counts (one for each plaintiff) each in substantially the same form.

The theory and substantive law of this class of actions has been explored in much recent litigation as an aftermath of the depression and recession, prior to the activity due to the present world war.   For instance, *Vanderburgh* v. *Bergen County* (*Court of Errors and Appeals,* 1938), 120 *N. J. L.* 444; 200 *Atl. Rep.* 561; *Orlando* v. *County of Camden* (*Court of Errors and Appeals,* 1938), 121 *N. J. L.* 46; 1 *Atl. Rep.* (2d) 943; *Van Houghten* v. *Englewood* (*Supreme Court,* 1940), 124 *N. J. L.* 425; 12 *Atl. Rep.* (2d) 668; *Borz* v. *City of Camden* (*Court of Errors and Appeals,* 1937), 119 *N. J. L.* 17; 194 *Atl. Rep.* 66; *Hopkins* v. *Passaic*

(*Supreme Court*, 1940), 125 *N. J. L.* 379; 16 *Atl. Rep.* (*2d*) 63; *Kriser* v. *Board of Education of Trenton* (*Supreme Court*, 1939), 122 *N. J. L.* 323; 5 *Atl. Rep.* (*2d*) 466; *Goldberger* v. *Perth Amboy* (*Supreme Court*, 1938), 16 *N. J. Mis. R.* 84; 197 *Atl. Rep.* 267; *Harley* v. *Passaic County* (*Court of Errors and Appeals*, 1938), 121 *N. J. L.* 44; 1 *Atl. Rep.* (*2d*) 454.

This is a motion for an order striking out that portion of each count of the complaint which makes claim or demand for interest on the amounts allegedly due each plaintiff upon the following grounds:

1. The complaint or demand for interest is frivolous.

2. The complaint or demand for interest is sham.

3. The complaint does not allege a cause of action by virtue of which interest can be recovered.

4. The complaint does not allege such facts as to entitle the plaintiffs to interest against the defendant, a municipal corporation.

5. The complaint does not set forth that a proper demand was made by or on behalf of the plaintiffs for payment of the sum or sums allegedly due the plaintiff, or that the defendant agreed to pay interest thereon, and hence the plaintiffs are not entitled to interest.

6. No demand or request was ever made by or on behalf of the plaintiffs, or any of them, upon the defendant, or its proper official or officials for payment of the debts or amounts allegedly due the said plaintiffs, and hence interest does not accrue upon the same.

7. The plaintiffs did not, at any time, present a detailed verified bill of the items or demands set forth in the complaint specifying particularly how the bill or demand was made up, and hence interest does not accrue.

8. The claims against the defendant set forth in the said complaint were never presented to the Mayor of the City of Atlantic for his approval or disapproval and hence interest does not accrue.

9. The City of Atlantic City never agreed to pay interest to the plaintiffs on the sums claimed by them, or otherwise, and hence they are not entitled to interest.

These may be classified and disposed of in three categories:

*One—Comprising Reasons 1, 3, 4 and 5.*

These attack the complaint upon the ground that it is insufficient in law.

*Two—Reasons 2 and 6.*

Resort is made to the provisions of Supreme Court rule 85, *N. J. S. A. tit.* 2, and the adopted practice incident to motions to strike defenses defined by Supreme Court rules 80 to 84, inclusive, upon the ground that the demand for interest is sham.

*Three—Reasons 7, 8 and 9.*

These appear not to be within either of the above categories, but the information therein alleged is the subject-matter of plea and not for attack by way of affidavit or other proof. *Standard Radio Corp.* v. *Triangle Radio Tubes, Inc. (Supreme Court,* 1940), 125 *N. J. L.* 131 (at *p.* 134); 14 *Atl. Rep.* (*2d*) 763, 765; *Faitoute Iron and Steel Co.* v. *Asbury Park* (*Court of Errors and Appeals,* 1941), 127 *N. J. L.* 239 (at *p.* 241); 21 *Atl. Rep.* (*2d*) 796, 798.

In support of the motion, affidavits were submitted among which was the affidavit of Bessie M. Townsend, comptroller of the defendant. Subsequent to the argument of this motion, a subordinate motion was made to take oral testimony of the said Bessie M. Townsend, to enlarge upon the facts set forth in her affidavit, it being asserted that the cause of said application was the result of disagreement between opposing counsel as to certain facts which were to have been the subject-matter of stipulation for use in the primary motion and her anticipated refusal to make further affidavit upon advice of defendant's counsel.

Both motions will be disposed of in this memorandum.

A—*Principal Motion.* This motion will be granted for the reasons assigned in category one of the grounds.

The substantive law is that no liability arises for interest against a municipal corporation until demand has been made for its payment unless it is otherwise agreed. *Hudson County National Bank* v. *Bayonne (Supreme Court, 1934)*, 113 *N. J. L.* 258 (at *p.* 264); 174 *Atl. Rep.* 241; *Naar* v. *City of Trenton (Supreme Court, 1880)*, 42 *N. J. L.* 500.

It has been argued that such doctrine does not apply where a salary has been fixed. The principle of the necessity for a demand was applied in the case of *Harley* v. *County of Passaic (Supreme Court, 1937)*, 15 *N. J. Mis. R.* 641 (at *p.* 650); 194 *Atl. Rep.* 298, 302, wherein the plaintiff was a Common Pleas Judge of this state. This case was reversed upon other grounds, *(Court of Errors and Appeals, 1938)*, 121 *N. J. L.* 44; 1 *Atl. Rep. (2d)* 454.

One of the leading cases citd in treatises dealing with this subject is that of *Smith* v. *Board of Education of New York City (Court of Appeals, 1913)*, 208 *N. Y.* 84; 101 *N. E. Rep.* 791. This case involved the salary of an architectural draftsman in the department of education of the City of New York. The court laid down the rule which is cited in 19 *R. C. L.* 1049, and in *Hudson County National Bank* v. *Bayonne (ante)*. However, the minority opinion in that case advanced the argument of the futility of the necessity for demand to provoke the rule.

But the trend of New Jersey decisions seems to make the demand the gist of the action for interest where no agreement (as in this case) to pay interest is alleged in the complaint. Therefore for the purpose of this motion, assuming the principal to be due, the element which causes the action to arise for interest is the demand. This is contrast to the right to compensation from a municipality for salary itself wherein the presentation of the claim does not "create" the cause of action. In such case the cause of action exists already—it does not spring into being upon demand and refusal.

At common law the attack under these reasons would be in the nature of a general demurrer. While demurrers are abolished the motion provided for by Supreme Court rule 40 is substituted, yet the principles of common law method of

pleading are essentially followed. *Lully* v. *National Surety Co.* (*Court of Errors and Appeals,* 1929), 106 *N. J. L.* 81 (at p. 83); 148. *Atl. Rep.* 762, 763; *Savage* v. *Public Service Railway Co.* (*Court of Errors and Appeals,* 1920), 95 *N. J. L.* 432; 113 *Atl. Rep.* 252; *Campbell* v. *The Pure Oil Co.* (*Supreme Court,* 1937), 15 *N. J. Mis. R.* 723; 194 *Atl. Rep.* 873.

Accordingly for the purpose of this motion, the defendant admits the truth of all facts well pleaded in the complaint and all inferences of fact which can be legitimately drawn therefrom. In testing the sufficiency of a pleading on demurrer thereto, its allegations may alone be looked to. The court cannot assume facts not pleaded which if pleaded would raise issues of fact. 49 *C. J.* 423. Where the defect appears on the face of a pleading, a demurrer may be used to take advantage of it, but such matter only and not matter which does not appear on the face of the pleading demurred to will be considered. 49 *C. J.* 420. The sufficiency of the complaint must be determined from the facts therein properly alleged from which a legal duty and the liability for the violation thereof are deduced. *Bengivenga* v. *Plainfield* (*Court of Errors and Appeals,* 1942), 128 *N. J. L.* 418 (at p. 424); 26 *Atl. Rep.* (*2d*) 288, 292. The power to strike out a pleading as frivolous will not be exercised until it appears to be clearly and palpably so, and that the power has been cautiously exercised *Jaeger* v. *Naef* (*Supreme Court,* 1933), 112 *N. J. L.* 417 (at p. 420); 171 *Atl. Rep.* 166, 167.

But the rules of pleading require the pleader either to aver directly the facts which constitutes his claim or to set forth circumstances from which those necessarily by intendment of law result. *Taylor* v. *New Jersey Title, &c., Co.* (*Supreme Court,* 1903), 70 *N. J. L.* 24 (at p. 26); 56 *Atl. Rep.* 152.

The gist of the cause of action is missing, the element which creates the damage for which the defendant is answerable. No general allegation of performance of conditions precedent as provided for by *R. S.* 2:27–113; *N. J. S. A.* 2:27–113, is set forth in the complaint and even so this element is not within the comprehension of such statutory rule. *Taylor* v.

*New Jersey Title, &c., Co.* (*ante*). Neither is the demand an element of evidence such as is referred to in *Adams* v. *Grady* (*Supreme Court,* 1909), 77 *N. J. L.* 301; 72 *Atl. Rep.* 55, wherein the failure to plead in the complaint the requirement of the statute of fraud that an agreement involved in the controversy was in writing was attacked.

Since the disposition of the motion has been made upon the aforesaid grounds, it is not necessary to deal with the second category, namely that the facts were sham. In this respect, the sole affidavit of Walter H. Gates in support of plaintiffs' position in opposition to the motion is presented. The cause of action of each plaintiff stands upon its own footing. Upon the ground of convenience, the allegations of the defendant in relation to the demand are not met by separate affidavit of each plaintiff but are shied away from and reliance has been made upon such facts as are contained in the affidavit of Mr. Gates (a former fireman and not a party). The effect and sufficiency of which is not presently weighed and determined.

With respect to the third category, expression of the court in relation to these reasons has been heretofore made in this memorandum.

The policy of modern law is to strive for a pleading and decision upon the merits. *Dammarata* v. *Public Service, &c., Transport* (*Court of Errors and Appeals,* 1939), 124 *N. J. L.* 38 (at *p.* 41); 11 *Atl. Rep.* (*2d*) 253.

*R. S.* 2:27–126; *N. J. S. A.* 2:27–126, provides as follows:

"The court in passing on a motion to strike out, in whole or in part, a complaint or counter-claim as insufficient in law or sham, may, in its discretion, determine whether such striking out shall be with or without prejudice to the institution of another proceeding at law, based on the same cause or causes of action as were set forth in the complaint or counter-claim or part or parts thereof struck out, which discretion shall be exercised by the court and be indicated in the order to strike out."

In the case of *Lully* v. *National Surety Co.* (*Court of Errors and Appeals,* 1929), 106 *N. J. L.* 81 (at *p.* 83); 148 *Atl. Rep.* 762, 763, it was held:

"The object of pleading is not to defeat, but to advance

the ends of justice; not to destroy but to protect the substantial rights of parties. In accordance with this clear and obvious principle, courts of justice have manifested great and increasing liberality in allowing amendments after demurrer. By the ancient practice, indeed, no amendment was permitted after demurrer without consent, upon the principle that where a party had staked his rights upon a point of law, he was bound to abide by his election. * * * In modern practice, however, it is well settled, in accordance with sound principle, that amendments may be made even after judgment upon demurrer, whenever the substantial ends of justice require it. Such is the law of this court."

To that end, leave is given to the plaintiffs to amend the complaint within twenty days from the entry to the rule hereinafter referred to so as to allege the facts essential to the gist of this motion of the causes of action. If this leave is not exercised within said time the motion to strike shall remain unrestricted.

B—*Subordinate Motion.* The determination of the question raised with respect to the inherent power of and the exercise thereof by the court to make an order for the taking of depositions of witnesses, for use upon a motion to strike the complaint, particularly of those who may be classed as adverse to the interest of the moving party is not essential in the disposition of this motion and the motion is denied.

An appropriate rule may be presented.