ATLANTIC COUNTY CIRCUIT COURT.

LOUIS KATIN AND ROSE STEIN, PLAINTIFFS, v. MIRIAM M. CRISPEL, DEFENDANT.

Decided September 14, 1944.

For the plaintiffs, *Blumberg & Blumberg* (by *Irving I. Jacobs*).

For the defendant, *Harry N. Tonkins.*

BURLING, C. C. J. Motion has been made before me, pursuant to *R. S.* 2 :27–124; *N. J. S. A.* 2 :27–124, and Supreme Court rules 40 and 80 to 84; *N. J. S. A. tit.* 2, to strike out paragraphs 2 and 3 of the answer of the defendant upon the following grounds:

"1. Said answer is sham in part, and in support thereof, we will use the annexed affidavits and will exhibit the original of the contract, upon which this suit is based.

"2. Said answer is frivolous in part, in alleging that a conveyance without the joinder of the defendant's husband, is not a breach of the defendant's covenant in said agreement contained, to convey free of encumbrance."

Upon submission of the said motion, affidavits in support of the motion were presented by the plaintiffs and no affidavit in contravention thereof was presented by the defendant. By stipulation of the parties, the agreement in writing under seal, referred to in the complaint was presented and received as *Exhibit P-1.* Oral argument has been had and written briefs submitted.

At common law, a defendant having entered into an agreement in writing under seal, a breach thereof and resulting damages gave rise to an action styled "covenant." It was the peculiar remedy for the non-performance of a contract under seal, where the damages were unliquidated and depended in amount upon the opinion of the jury. *Chitty on Pleading* 118.

The plaintiffs contend that the format of their action is proper. Under the formulating system of pleading at common law, their action would be styled "covenant." Prior to the Practice Act of 1912, two principal categories of actions were provided in personal actions, 1—actions upon contract, and 2—actions *ex delicto.* The act of the legislature in

1912, chapter 231, paragraph 3; *N. J. S. A.* 2 :27–7, re-styled the names of actions at law by providing that there should be one form of civil actions in the courts of law, denominated "action at law." The change abrogated the names of the former classifications, but it did not destroy the value of classification nor eliminate the averments requisite to a good count or the facts to be proved in support of them. *Ward* v. *Huff* (*Supreme Court,* 1919), 94 *N. J. L.* 81; 109 *Atl. Rep.* 287.

The purpose of pleading is to lead to the formation and presentment of an issue on the question in dispute between the parties. It is important that the issues to be tried be simplified and the parties be informed with particularity of the matter to be presented. *Buermann* v. *Morris* (*Supreme Court,* 1930), 8 *N. J. Mis. R.* 811; 152 *Atl. Rep.* 341. The issue in this matter is the right of the palintiffs to consequential damages.

The complaint avers a contract under seal, proffer thereof, the breach and resulting damages. The executed agreement is not set forth in the complaint nor incorporated by annexation thereto. The specific breach, the failure to deliver a special warranty deed free of all incumbrances, except as otherwise set forth in the agreement is not pleaded.

The defendant admits the agreement in writing under seal between the parties was executed for the sale of improved land and certain furniture contained in the building erected thereon, and alleges at the time of the prescribed settlement, the deed of the vendor was proffered. The vendor was married but her husband refused to sign the deed. The vendees allege they were ready and tendered performance. The answer neither admits nor denies the tender due to the alleged lack of sufficient knowledge to form a belief. To this extent the answer is sham as the facts in supporting affidavits of the plaintiffs upon this matter are not controverted by affidavit of the defendant. *Louis Kamm, Inc.,* v. *Flink* (*Court of Errors and Appeals,* 1934), 113 *N. J. L.* 582 (at p. 596); 175 *Atl. Rep.* 62.

In this state of affairs the plaintiffs contend that the defense alleged in the second sentence of the second para-

graph is frivolous and should be stricken, and that the remaining issue is then solely one of the measure of damages. In this contention there is merit. No point or defense is raised that the tendered deed would convey a fee-simple without encumbrances. From the answer, it is a justified inference that the provisions of *R. S.* 3:37–2; *N. J. S. A.* 3:37–2, were applicable, *Alt* v. *Kwiatek (Court of Chancery,* 1941), 128 *N. J. Eq.* 469; 17 *Atl. Rep.* (2d) 161. Or if not, there was issue born and common law curtesy effective. An outstanding interest by curtesy violates a covenant against all encumbrances. *Bondarchuck* v. *Barber (Court of Chancery,* 1944), 135 *N. J. Eq.* 334 (at *p.* 335); 38 *Atl. Rep.* (2d) 872; *Saldutti* v. *Flynn (Court of Chancery,* 1906); 72 *N. J. Eq.* 157; 65 *Atl. Rep.* 246; *Carter* v. *Executors of Denman (Supreme Court,* 1852), 23 *N. J. L.* 260; *R. S.* 37:2–16; *N. J. S. A.* 37:2–16. The second paragraph of the answer will be accordingly stricken.

Thus the real issue is still not simplified. Upon the face of the complaint in a proceeding for assessment will not appear the nature of the breach to determine the damages within the formula laid down in *Gerbert* v. *Trustees (Court of Errors and Appeals,* 1896), 59 *N. J. L.* 160 (at *p.* 163); 35 *Atl. Rep.* 1121; *Elwood* v. *Smith (Supreme Court,* 1927), 104 *N. J. L.* 248 (at *p.* 249); 139 *Atl. Rep.* 900; *affirmed (Court of Errors and Appeals,* 1928), 105 *N. J. L.* 236; 143 *Atl. Rep.* 916; *Rabinowitz* v. *Debow (Court of Errors and Appeals,* 1927), 104 *N. J. L.* 62 (at *p.* 64); 138 *Atl. Rep.* 891; *R. S.* 2:45–1; *N. J. S. A.* 2:45–1. To that extent paragraph four of the complaint was subject to demurrer. The rules of pleading require the pleader to aver either the facts which constitute his claim or set forth the circumstances from which those facts necessarily by intendment of law result. *Taylor* v. *New Jersey Title, &c. (Supreme Court,* 1903), 70 *N. J. L.* 24 (at *p.* 26); 56 *Atl. Rep.* 152.

The object of pleading is not to defeat but to advance the ends of justice, not to destroy but to protect the substantial rights of the parties. *Lully* v. *National Surety Co. (Court of Errors and Appeals,* 1929), 106 *N. J. L.* 81 (at *p.* 83); 148 *Atl. Rep.* 762. The policy of modern law in this state

has been to strive for a hearing and decision on the merits and to subordinate matters of form not affecting the merits. *Cammarata* v. *Public Service, &c., Transport,* 124 *N. J. L.* 38 (at *p.* 41); 11 *Atl. Rep.* (2d) 253. Leave will be given to the defendant to make a motion addressed to the complaint in the nature of a demurrer to strike out paragraph 4 of the complaint, relating to consequential damages and further for the purpose of expedition leave to the plaintiffs in the interim to amend the complaint so as to allege such facts which constitute the gist, the elements which create their right, to consequential damages and in that instance leave to the defendant will be given to file amended answer or to make appropriate motion to the amended complaint.

Appropriate rule may be presented.