ATLANTIC COUNTY CIRCUIT COURT.

BENJAMIN FRIEDBERG, PLAINTIFF, v. SIRACUSA COMPANY, A CORPORATION, DEFENDANT.

Decided July 24, 1946.

For the plaintiff, *Lloyd, Horn & Perskie* (by *Herbert Horn*).

For the defendant, *W. Elmer Brown, Jr.*

BURLING, C. C. J. Plaintiff alleged in paragraph 4 as amended, in his complaint "that the defendant entered into a contract made for the benefit of the plaintiff with the D & F Corporation by the terms of which said D & F Corporation agreed to permit the defendant to write or place all of the insurance including fire insurance, as well as other types of insurance, to cover said D & F Corporation and/or Hotel Knickerbocker Operating Company and Knickerbocker

Hotel and garage in the City of Atlantic City, and said D & F Corporation agreed that it would not cancel or cause to be canceled any insurance previously written covering said D & F Corporation and Hotel Knickerbocker Operating Company, providing, and as a consideration therefor, said defendant would agree to pay to plaintiff one half of the commission so written or placed and on any future business so written or placed covering said hotel or the owner or operator thereof."

Defendant demands brokerage commissions in accordance with the contract.

Motion has been made by the defendant to strike the complaint upon the following grounds:

"1. The first count of said complaint is fictitious in that it fails to set forth a good and legal cause of action.

"2. The first count of said complaint is founded upon an illegal contract and the said contract is therefore unenforceable.

"3. The contract as set forth in the first count of said complaint, as amended, is illegal and unenforceable for the reason that it violates the provisions of *R. S.* 17:36–3; *R. S.* 17:36–5.2 and 5.7; *R. S.* 17:22–1 and 5; *R. S.* 17:22–6.2 and 6.18; *R. S.* 17:29–1 and 2; and *R. S.* 17:29A–15 [*N. J. S. A.*].

"4. The second count of said complaint, as amended, is sham and untrue in fact.

"5. The second count of said complaint, as amended, is obscure and uncertain and fails to sufficiently and properly apprize the defendant of the facts on which plaintiff's claim is based and, therefore, defendant is unable to make proper and intelligent answer thereto.

"6. The third count of said complaint, as amended, is sham and untrue in fact.

"7. The third count of said complaint, as amended, is obscure and uncertain and fails to sufficiently and properly apprize the defendant of the facts on which plaintiff's claim is based and, therefore, defendant is unable to make proper and intelligent answer thereto."

## COUNT ONE.

The objection of the defendant that the plaintiff does not seek to recover for services rendered as a broker in the present form of the complaint is well grounded. To support the complaint the plaintiff must have a right to recover merely because he was a licensed broker without the rendition of service; that any third party insured may contract with the insurance company agent to inject and cause to be paid by the insurance company or its agent to such a licensed broker a percentage of the commission as an inducement and condition of the principal contract. This is an illegal act and invalidates the contract. *R. S.* 17:22-6.18; *N. J. S. A.* 17:22-6.18.

The legislature has declared the public policy in order to avoid the opportunity for rebates and discrimination. *R. S.* 17:29-1 and 2; *N. J. S. A.* 17:29-1 and 2. Such a contract is unenforceable. *Gionti* v. *Crown Motor Freight Co.* (*Court of Errors and Appeals,* 1942), 128 *N. J. L.* 407; 26 *Atl. Rep.* (*2d*) 282.

In such a case where the facts are exposed by the complaint, the objection to the prosecution of the action may be properly taken by demurrer. *Auditorium Kennel Club* v. *Atlantic City* (*Supreme Court,* 1938), 16 *N. J. Mis. R.* 354 (at *p.* 362); 199 *Atl. Rep.* 908.

The motion to strike count one as failing to establish a legal cause of action and because it is founded upon an illegal contract and is unenforceable is granted.

The ultimate object of pleading is not to defeat, but to advance the ends of justice; not to destroy, but to protect the substantial rights of parties. *Hale* v. *Lawrence* (*Supreme Court,* 1849), 22 *N. J. L.* 72 (at *p.* 74); *Lully* v. *National Surety Co.* (*Court of Errors and Appeals,* 1929), 106 *Id.* 81 (at *p.* 83); 148 *Atl. Rep.* 762. Should the plaintiff desire, leave is granted to file an amended complaint within twenty days from the date of the rule hereinafter referred to, alleging a right to recover for commission or brokerage "for or because of service rendered or performed in this state in negotiating

or effecting in this state a contract of insurance on any property, or insurable interests, or business activities located within or transacted within this state." *R. S.* 17:22–6.18; *N. J. S. A.* 17:22–6.18.

## Count Two.

Consent to the striking of count two is given by the plaintiff.

## Count Three.

The plaintiff admitted that count three has been drafted upon a common law form of pleading for money had and received. The rules of pleading require the pleader to aver directly or set forth circumstances from which those facts by necessary intendment result. *Taylor* v. *New Jersey Title, &c., Co.* (*Supreme Court,* 1903), 70 *N. J. L.* 24; 56 *Atl. Rep.* 152. This common law statement has been reiterated in the prevailing rules of pleading, rule 31 a, *N. J. S. A. tit.* 2, in the following language:

"(a) All pleadings must contain a plain and concise statement of the issuable facts on which the pleader relies (and no other), but not of the evidence by which they are to be proved."

In *Schwartz* v. *Evening News* (*Supreme Court,* 1913), 84 *N. J. L.* 486; 87 *Atl. Rep.* 148, it was held the facts to put in issue constituted a plain, intelligible statement of the real point involved and to do away with the old blind method. To reach the desired objective provision is made by rule 31 (d) as follows:

"(d) If any pleadings be insufficient the court may order a fuller or more particular statement; and if the pleadings do not sufficiently define the issues, the court may order other issues prepared; and may settle, the issues if the parties differ."

In Hartshorne's book on the Practice Act of 1912, published in that year, at page 34, the following statement is contained:

"The court may order a more particular statement in addition to the power to order a bill of particulars. There are certain conclusions of law which can be well pleaded only by stating the facts from which these conclusions are drawn."

This count as presently drawn is obscure and uncertain and fails to sufficiently and properly apprise the defendant of the facts upon which the claim is based.

Motion to strike count three upon that ground is granted.

In view of the leave afforded to amend count one, similar leave is not afforded in the disposition of this motion as to count three, unless the plaintiff so desires and can show special grounds therefor. If such an application is made, it shall be presented upon due notice to the defendant at the next motion day.

Appropriate rule may be presented.